■ In the Matter of the Claim of GARY COOPER, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [648 NYS2d 181] —Appeal from a decision of the Unemployment In-

surance Appeal Board, filed September 20, 1993, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant testified that he resigned from his position as a maintenance supervisor because, in the year preceding his resignation, his workload had increased significantly due to staffing shortages and he was unable to handle his new responsibilities without stress-induced health consequences. While there is evidence before the Board that claimant complained to his employer about the backlog of work and sought medical treatment for stress-related ailments, it is noteworthy that claimant never complained to his employer about work-related medical problems or asked to be transferred.

Equally as noteworthy is that claimant's physician never advised him to resign from his position for health reasons. Rather, the record demonstrates that alternative remedies for dealing with stress, other than resigning, were suggested by his physician, but disregarded by claimant who unilaterally decided that resigning was the only viable solution to his alleged health-related problems. In view of this evidence, we find that substantial evidence supports the Board's finding that claimant voluntarily left his employment without good cause (*see, Matter of Smith [Hudacs]*, 187 AD2d 835).

Mikoll, J. P., Mercure, Crew III, White and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.