■ In the Matter of the Claim of SAUL J. KLEIN, Appellant. AUDITS & SURVEYS WORLDWIDE, Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [647 NYS2d 1007] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 5, 1995, which, upon reconsideration, ruled, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as an assistant project director for a marketing research firm. After only one week on the job, he informed his employer that he wished to accompany his father on a trip to Europe for six months. He was told that such an extended leave of absence would not be granted. When claimant still insisted on taking the trip, his employer asked him the date of his last day of work. Claimant requested the employer to set a date and, while the employer initially set a date of June 9, 1995, it was later changed to June 2, 1995. Upon reopening the case on its own motion, the Board disqualified claimant from receiving unemployment insurance benefits on the basis that he voluntarily left his employment without good cause. The Board further reduced claimant's right to receive future benefits upon finding that he made willfully false statements. Claimant challenges the Board's decision arguing, *inter alia*, that he was discharged and did not resign.

At the hearing, claimant denied that he requested a six-*month* leave of absence and stated that he requested only two or three weeks off to accompany his father on a trip to Europe. He stated that his supervisor did not deny this request, but

that she informed him of his last day of work shortly after this conversation. Claimant's testimony is totally contrary to that given by the employer's representative, who stated that claimant resigned from his position after she refused his request for a six-month leave of absence. Insofar as this conflicting testimony presented a question of credibility for the Board to resolve (*see*, *Matter of Rios [Pine Hill Trailways—Sweeney]*, 228 AD2d 760), we find that substantial evidence supports the Board's decision. We have considered claimant's contention that the Board erred in reopening the case and find it to be without merit.

Mercure, J. P., Crew III, Casey, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.