■ In the Matter of the Claim of PATRICK J. NEVILLE, Appellant. COMMISSIONER OF LABOR, Respondent. [695 NYS2d 211] —Peters, J. Appeal from a decision of Unemployment Insurance Appeal Board, filed March 2, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a maintenance worker at a satellite branch of a college campus when his position was transferred to the college's main campus. Although his salary, hours and work assignments remained unchanged, claimant abandoned his employment at the new location and applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause.

We affirm. Initially, we reject claimant's contention that he was denied due process as the result of certain evidentiary rulings made by the Administrative Law Judge inasmuch as technical rules of evidence do not apply to hearings regarding unemployment insurance benefits (*see*, Labor Law § 622 [2]; *Matter of Campos [Commissioner of Labor]*, 253 AD2d 935; *Matter of Ellenport [Sweeney]*, 242 AD2d 821). Furthermore, there is substantial evidence in the record to support the Board's conclusion that claimant voluntarily left his employment without good cause. An employee's decision to resign rather than to accept a job transfer involving comparable work and equal pay has been held not to constitute good cause for leaving one's employment (*see*, *Matter of Clement [Commissioner of Labor]*, 254 AD2d 652; *Matter of Guida [Sweeney]*, 238 AD2d 643). Finally, while claimant contends that he quit because the new location of his employment exacerbated his medical condition, he conceded that he never received medical advice to resign from his position (*see*, *Matter of Robinson [Sweeney]*, 245 AD2d 939; *Matter of Cooper [Sweeney]*, 232 AD2d 678).

We have examined claimant's remaining contentions and find them to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.