■ In the Matter of the Claim of CHARLES SIBERTZEFF, Appellant. COMMISSIONER OF LABOR, Respondent. [694 NYS2d 817] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 16, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Substantial evidence supports the Unemployment Insurance Appeal Board's decision finding that claimant had voluntarily left his employment without good cause, thereby disqualifying him from receiving unemployment insurance benefits. Claimant testified that he quit his job because he was allegedly overworked and underpaid. Prior to his resignation, he informed the employer he was overworked and requested a raise, which was denied. Although claimant also testified that he terminated his employment because he strained his back and had a hernia, he admitted that he never informed his employer of his specific medical condition. Furthermore, the physician's note he submitted at the hearing excusing him from heavy lifting was written more than two months after his resignation. Notably, claimant also acknowledged that he would have remained in his job doing the same amount of work had he been given the requested raise. This Court has found in similar cases that dissatisfaction with one's wages, compensation or workload does not constitute good cause for leaving one's employment (see, Matter of Yaminian [Misicom, Inc.—Commissioner of Labor], 254 AD2d 678, lv denied 93 NY2d 801; Matter of Harris [CDS Mfg.—Sweeney], 243 AD2d 804). Given the proof in this case and the permissible inferences that can be drawn therefrom, we find no reason to disturb the Board's decision.

Mikoll, J. P., Yesawich Jr., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.