■ In the Matter of the Claim of MARTIN F. COSTELLO, Appellant. COMMISSIONER OF LABOR, Respondent. [702 NYS2d 412] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed December 30, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause, and (2) from a decision of said Board, filed May 29, 1998, which denied claimant's application for reconsideration of a previous decision adhering to its prior decision.

Substantial evidence supports the Unemployment Insurance Appeal Board's December 30, 1996 decision finding that claimant had voluntarily left his employment without good cause and disqualifying him from receiving unemployment insurance benefits. Claimant testified that although he cited "personal reasons" and "career change" when he quit his job, he actually did so because he was overworked and felt he needed more training. Nevertheless, claimant did not seek medical attention or bring his complaints of work stress to his supervisor. Notably, the Board credited testimony indicating that the employer was pleased with claimant's job performance. This Court has found in similar cases that dissatisfaction with one's workload does not necessarily constitute good cause for leaving one's employment (*see, Matter of Sibertzeff [Commissioner of Labor]*, 264 AD2d 936). Thus, we find no reason to disturb the decision denying claimant's application for unemployment insurance benefits.

Finally, our review of the record discloses no abuse of the Board's discretion in denying claimant's later application to reopen a March 20, 1997 decision which, upon reconsideration, adhered to the December 30, 1996 decision (*see generally, Matter of De Prima [Commissioner of Labor]*, 260 AD2d 715, *appeal dismissed* 93 NY2d 1040).

Mercure, J. P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.