■ In the Matter of the Claim of BARBARA A. RAINVILLE, Appellant. UNIVERA HEALTHCARE CNY, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [732 NYS2d 491] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 27, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the Unemployment Insurance Appeal Board's decision finding that claimant voluntarily left her employment without good cause and was disqualified from receiving unemployment insurance benefits. Claimant testified that she had resigned from her employment as an accounts receivable manager because work-related stress caused her to suffer various maladies including vertigo, insomnia, nausea, chest pains, headaches and panic attacks. She admitted that she had never informed her employer of the physical distress engendered by her employment nor did she request a lighter workload or a leave of absence. In addition, there is no evidence that claimant resigned upon the advice of her physician. Instead, the record discloses that claimant's physician advised her, after she had already submitted her resignation, that she should distance herself from her employment temporarily by taking two weeks off.

In similar cases, this Court has ruled that a claimant's dissatisfaction with his or her workload does not constitute good cause for leaving employment (*see, Matter of Maine [Commissioner of Labor]*, 282 AD2d 854; *Matter of Costello [Commissioner of Labor]*, 268 AD2d 845). This is the rule even in cases where it is alleged that work-related stress has caused the claimant to suffer from physical ailments. So long as the claimant has not brought his or her stress-related symptoms to the attention of the employer prior to resigning and has failed to produce any medical evidence to show that the step of resignation was taken upon the advice of a physician, good cause for leaving has not been established (*see, Matter of Ikoli [Commissioner of Labor]*, 249 AD2d 673; *Matter of Sisti [Commissioner of Labor]*, 242 AD2d 775; *Matter of Cooper [Sweeney]*, 232 AD2d 678). Under the circumstances presented here, we find no reason to disturb the Board's decision.

Cardona, P. J., Mercure, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.