■ In the Matter of the Claim of THOMAS BINGEL, Appellant. COMMISSIONER OF LABOR, Respondent. [761 NYS2d 392] —Carpinello, J. Appeal from a decision of the Unemployment

---

Insurance Appeal Board, filed May 3, 2002, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant resigned from his employment as senior economist for an automotive company shortly after a merger with another corporation. Although claimant's salary was to remain unchanged and any modification of his duties had yet to be defined, he anticipated that the conditions of his employment would deteriorate, e.g., that he would be required to do more business-related traveling and that he would have less individual responsibility and a decreased impact on high-level management decisions. In addition, he foresaw no potential for a transition into his new field of interest as a computer network administrator. Claimant's subsequent application for unemployment insurance benefits was denied on the ground that he had left his employment for personal and noncompelling reasons.

Substantial evidence supports the ruling of the Unemployment Insurance Appeal Board that claimant left his employment under disqualifying circumstances. A claimant's dissatisfaction with a job transfer or with a restructured job description may not constitute good cause for resignation, particularly in cases such as the instant matter, where the conditions of employment appear to be comparable (to the extent that they had been determined at the time of claimant's resignation) and the salary is unchanged (*see Matter of Gines [Commissioner of Labor]*, 294 AD2d 748, 749 [2002]; *Matter of Neville [Commissioner of Labor]*, 264 AD2d 918 [1999]). Claimant's failure to express his dissatisfaction to an appropriate employer representative prior to resigning further militates against the validity of his claim (*see Matter of Farruggella [Commissioner of Labor]*, 268 AD2d 938 [2000]).

While claimant expresses concern regarding the negative impact that the anticipated changes would have had upon his health, there is no indication that he brought these concerns to the attention of either a physician or the employer prior to his resignation nor is there any medical documentation of these concerns in the record before us (*see Matter of Rainville [Univera Healthcare CNY—Commissioner of Labor]*, 288 AD2d 747 [2001]; *see also Matter of Klein [Commissioner of Labor]*, 304 AD2d 897, 897 [2003]). As substantial evidence supports the Board's decision that claimant left his employment for personal and noncompelling reasons, it will not be disturbed. The

remaining contentions raised herein have been examined and found to be without merit.

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.