█ In the Matter of the Claim of LESLIE B. ANDERSON, Appellant. SUFFOLK COUNTY DEPARTMENT OF CIVIL SERVICE, Respondent; COMMISSIONER OF LABOR, Respondent. [778 NYS2d 569]—

Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 1, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant began employment as an Assistant District Attorney (hereinafter ADA) with the Suffolk County District Attorney's office in 1991. In 1998 she became the ADA in charge of the office's Gang Investigations Unit as its sole attorney. After a new District Attorney took office in 2002, the unit was expanded to include a second attorney, who was appointed the attorney in charge of the unit. Claimant remained an ADA and experienced

no reduction in salary but, nevertheless, resigned in June 2002. She subsequently applied for unemployment insurance benefits, which were denied. Following a hearing, an Administrative Law Judge upheld that denial, finding that claimant had voluntarily left her employment without good cause. The Unemployment Insurance Appeal Board affirmed this decision, and claimant appeals.

We perceive no reason to disturb the Board's decision. Claimant's reasons for resigning primarily relate to her unhappiness with her new job assignment and loss of prestige and privileges, which do not constitute good cause for leaving employment (*see Matter of Penigian [Commissioner of Labor]*, 4 AD3d 603, 603 [2004]; *Matter of Schachtman [Commissioner of Labor]*, 286 AD2d 790, 790 [2001], *lv denied* 97 NY2d 607 [2001]). We are not persuaded by her claim that the loss of her county car and cell phone created safety concerns which constitute good cause for leaving employment, particularly as claimant did not notify her supervisors of these concerns (*see Matter of Weaver [Commissioner of Labor]*, 6 AD3d 857, 857-858 [2004]).

We also reject claimant's contention that the Administrative Law Judge improperly allowed an employer witness to remain as its representative during claimant's testimony, given the employer's right to appear at the hearing (*see* 12 NYCRR 461.4 [c]) and her argument that the District Attorney should have been called to testify, where she failed to request a subpoena or an adjournment of the hearing to procure his testimony (*see Matter of Eckler [Commissioner of Labor]*, 254 AD2d 672, 672 [1998]). Finally, even if we were to agree with claimant that the Board erred in failing to accept her reply brief, any error in that regard is harmless, as the brief either addressed points that could have been addressed earlier or dealt with issues irrelevant to claimant's resignation (*see Matter of Standig [Commissioner of Labor]*, 3 AD3d 828, 828-829 [2004]). We have examined claimant's remaining contentions and find them to be without merit.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.