■ In the Matter of the Claim of Bobby T. Youngblood, Appellant. Commissioner of Labor, Respondent. [781 NYS2d 816]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 15, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was the district manager of a retail laundry chain. His employer suspected that he was having an affair with an employee who he supervised and, as a result, planned to transfer him to the position of store specialist where he would not have contact with this individual. The position carried the same salary and benefits, but required claimant to work at only one location, instead of many. Claimant resigned because he believed the new position was a demotion. His application for unemployment insurance benefits was denied on the ground that he voluntarily left his employment without good cause. Claimant appeals.

We affirm. Dissatisfaction with a change in job assignment, and resulting loss of prestige or privileges, does not constitute good cause for leaving one's employment particularly where the essential terms and conditions of employment remain unchanged (*see Matter of Anderson [Suffolk County Dept. of Civ. Serv.—Commissioner of Labor]*, 8 AD3d 863, 864 [2004]; *Matter of Bingel [Commissioner of Labor]*, 306 AD2d 780, 781 [2003]). Here, despite the fact that claimant would receive the same benefits and salary, and also perform managerial duties as a store specialist, he perceived the position to be a demotion because of the loss of status and perks. Resigning for this reason does not constitute good cause for leaving employment and, therefore, substantial evidence supports the Board's decision.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.