■ In the Matter of the Claim of CONSTANCE CRUSE, Appellant. COMMISSIONER OF LABOR, Respondent. [798 NYS2d 701]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 27, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. The record establishes that the employer denied claimant's request

for vacation beginning January 5, 2004 through January 13, 2004 because, as the company's billing clerk, her presence at work was needed in order to facilitate the company's computer upgrade process scheduled during that period. On December 30, 2003, claimant, nevertheless, announced her intention to take the unauthorized vacation and, as a result, the employer informed her that if she failed to appear for work on January 5, 2004, he would consider it an abandonment of her job and, if she returned to work on January 13, 2004, she would be fired. Claimant did not report to work on January 5, 2004 or thereafter. Inasmuch as the record establishes that claimant abandoned her job when her vacation request was not approved, the Board's decision will not be disturbed (*see Matter of Saeed-Ur-Rehman [Commissioner of Labor]*, 17 AD3d 956, 957 [2005]; *Matter of Natale [Sweeney]*, 244 AD2d 743 [1997]). To the extent that claimant maintains that she was fired, this presented a credibility issue for the Board to resolve (*see Matter of Oakford [Commissioner of Labor]*, 306 AD2d 671 [2003]; *Matter of Klein [Audits & Surveys Worldwide—Sweeney]*, 232 AD2d 720, 721 [1996]).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.