■ In the Matter of the Claim of Harinder J. Singh, Appellant. Commissioner of Labor, Respondent. [814 NYS2d 332]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 16, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

From September 1998 until April 2004, claimant worked for a company that provides security and emergency evacuation services to various properties. Claimant was a security officer and the director of fire safety at one of the buildings serviced by the employer. When the employer learned from a client that security officers at the building were not getting along, it decided to transfer them to different buildings. Before the transfer was effectuated, the employer discovered that claimant had circulated a petition seeking the support of tenants in the building to avoid being transferred. This was in violation of the employer's policy prohibiting employees from discussing personnel matters with clients. Claimant was suspended for five days after which he was directed to report to a new location. When he failed to report to the new location, he was terminated. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause. He now appeals.

We affirm. "Dissatisfaction with a change in job assignment . . . does not constitute good cause for leaving one's employment particularly where the essential terms and conditions of employment remain unchanged" (*Matter of Youngblood [Commissioner of Labor]*, 10 AD3d 797, 798 [2004] [citations omitted]; *see Matter of Smith [Commissioner of Labor]*, 20 AD3d 844, 844 [2005]). While claimant contends that the transfer would have effectively resulted in a demotion, the employer's representative testified that the terms would have remained the same and he expected claimant to assume the title of director of fire safety upon completing an on-site examination verifying his knowledge of the new property. Claimant's assertion that he did not report to the new location because he had been fired after circulating the petition presented a question of credibility for the Board to resolve (*see Matter of Cruse [Commissioner of Labor]*, 20 AD3d 841, 842 [2005]). Inasmuch as substantial evidence supports the Board's finding that claimant left his employment for personal and noncompelling reasons, we decline to disturb its decision.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.