■ In the Matter of the Claim of JAMES P. CAHILL, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 22, 1980. The claimant was initially ruled eligible for benefits as of July 18, 1979. Thereafter, the Industrial Commissioner issued an initial determination, on September 17, 1979, of disqualification upon the ground of a voluntary leaving of employment, and on October 2, 1979 a further determination of disqualifying misconduct, both effective July 18, 1979. The claimant denied misconduct or a voluntary leaving of employment. The misconduct was premised upon the hearsay allegation that one or two coemployees stated he had incited some students in the college where he worked to express ill will toward or at a co-worker. The voluntary leaving of employment was premised upon claimant's failure to pursue grievance procedures, and in particular, upon his "acceptence" of an adverse determination by his personnel director. The claimant demanded a hearing and on October 26, 1979, the first hearing was held. The hearing officer stated that the issues were voluntary leaving of employment and/or misconduct as alternative disqualifications. During the hearing on October 26, 1979, the hearing officer observed that, in view of the sworn testimony of the claimant as to the alleged misconduct, the hearsay allegations of observations of eyewitnesses would not support a finding of misconduct. Upon that basis, the hearing representative of the employer requested an opportunity to present at least one of the eyewitnesses. The claimant also wanted to present witnesses, so there was an adjournment. At the adjourned hearing on November 19, 1979, the witnesses were not produced by the employer, and following the elicitation by the hearing officer of further testimony from the claimant on the procedure involved in his "acceptance" of the adverse decision terminating him from employment, the claimant and the representative of the employer

made statements, whereupon the evidence was closed. The employer did request a further adjournment to produce the personnel director, but such adjournment was not granted. There was no comment on the record by the claimant or the hearing officer as to the absence of any witnesses desired by the claimant, and he made no request for an adjournment. The hearing officer rendered a decision on November 21, 1979, wherein he held "the claimant's failure to pursue his discharge under the grievance procedure of the union contract, constitutes a voluntary leaving of employment without good cause." He further noted, "I find it unnecessary to rule as to * * * misconduct". The claimant appealed to the board and both the claimant and employer, upon the appeal, limited their written statements to pro and con as to whether claimant voluntarily left his employment. The only request by the claimant to submit additional evidence was to show "why I was justified in accepting my dismissal." The board issued the decision appealed from and it held that the hearing officer erred in relying upon claimant's failure to pursue a grievance procedure as being a voluntary leaving of employment, but went on to find that the letter of acceptance by claimant of the adverse determination was, in effect, a resignation and that, therefore, he had voluntarily left his employment. Accordingly, the board affirmed the decision of the hearing officer. In a letter filed by claimant as a notice of appeal from the board decision, he appears to accept the finding of resignation, but submits that he was justified in resigning and that it was not without good cause. Upon this appeal, the claimant, in his brief, accepts the concept that he resigned, but again asserts that it was for good cause. The Attorney-General, on behalf of the Industrial Commissioner, upon this appeal, appears to be urging that the board erred in finding that there was a resignation, and submits the case with the suggestion that there be a remittal for further proceedings as to misconduct or to provide the claimant an opportunity to present evidence as to good cause for leaving employment. (Cf. *Matter of Piro [Ross]*, 76 AD2d 940.) In view of the position of the Industrial Commissioner, it is necessary to consider whether or not there was substantial evidence of a resignation and, if there was no resignation, whether or not the issue of misconduct requires further proceedings. Initially, it is noted that neither the employer nor the Industrial Commissioner submitted anything in this record which could be considered a request for the *board* to consider the issue of misconduct. The hearing officer at the hearing of October 26, 1979, observed that unless there was a submission of further evidence by the employer on the issue of misconduct, the version of the claimant as to the incident leading to his termination from employment was controlling. Given the statement upon the record, and the failure of either the employer or the Industrial Commissioner to urge upon the appeal to the board that there was evidence sustaining the alternative disqualification of misconduct, the assertion of the Industrial Commissioner upon the appeal that there should be a remittal for further consideration of misconduct is not well founded. The statement of the hearing officer, in his written decision, that he was not ruling on the issue of misconduct does not conform to the record, and the board made no statement in its decision that the issue of misconduct was being reserved by it. Upon the present record, there has in fact been a full and complete consideration of the issue of misconduct. The employer, by a letter dated June 7, 1979, notified the claimant that it considered him guilty of incompetency and misconduct and, therefore, he was terminated from employment. "The effective date of your dismissal should be the close of business on June 22, 1979". The claimant responded by a letter apparently received by the employer on June 13, 1979, wherein

he writes: "Summing up the situation, I wish to leave the [employer] * * * I accept your dismissal and I would like you to total up any money due me." The employer responded to the claimant's letter on June 22, 1979, and explained that the payroll date of June 21, 1979, as his last day, included 16 days of accrued annual leave from the date of June 5 as his actual dismissal. The board found: "On June 7, 1979, a written notice of discipline was issued to claimant, terminating his employment effective June 22, 1979, because of unsatisfactory performance and specifically charging him with misconduct in inciting the aforesaid demonstration. The notice stated that claimant had five days in which to file a grievance or have a hearing under Section 75 of the Civil Service Law. Claimant chose not to file a grievance through his union. He sent a letter to the employer, indicating that he accepted the dismissal." Decision affirmed, without costs. Greenblott, J. P., Main, Casey and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The Industrial Commissioner, through the Attorney-General's letter to this court, dated May 15, 1980, concedes that the board erred in finding that claimant affirmatively resigned from his employment. The board should be given an opportunity to again pass upon this issue because its prior decision was premised upon the mistaken belief that claimant had resigned. The matter should be remitted for the sole reconsideration of this issue.