In the Matter of the Claim of MAURICE J. GUERIN, Respondent. LILLIAN ROBERTS, as Industrial Commissioner, Appellant. — Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, filed January 8, 1981, insofar as that decision overruled the Industrial Commissioner's initial determination that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause. Claimant worked as a food service worker for the Staten Island Development

Center from 1973 until August 13, 1980. In late June of 1980, claimant met with his supervisor to discuss certain "lost time" which he had accumulated. When the supervisor reported that claimant threatened her with bodily harm, the employer issued a notice of discipline charging him with misconduct and indicating the employer's intention to discharge him. The notice went on to advise claimant that pursuant to the bargaining agreement between the employer and the Civil Service Employees Association, he had 14 days within which to file a disciplinary grievance objecting to the penalty imposed. The Industrial Commissioner disqualified claimant from receiving benefits effective August 14, 1980, after finding that claimant lost his employment because of misconduct in connection therewith. In addition, the commissioner issued an alternate determination disqualifying claimant on the ground that he voluntarily left his employment without good cause by reason of his failure to pursue his available remedy under the grievance provisions of the bargaining agreement. Though duly notified, neither the employer nor any representative appeared at the hearing before the Administrative Law Judge who found no substance to the charge of misconduct against claimant. Some evidence was adduced on the alternate determination but no decision on that determination was rendered by the Administrative Law Judge because it was not included in the notice of hearing. The board affirmed the determination of no misconduct and finding that "it arose from the same incident and sufficient testimony was taken thereon" reversed the Industrial Commissioner's holding that claimant voluntarily left his employment without good cause. The Industrial Commissioner, relying on *Matter of Cahill (Ross)* (77 AD2d 734), seeks reversal of the board's decision contending that claimant's failure to pursue grievance procedures, allegedly available to him under a bargaining agreement, constituted a voluntary leaving of employment. We disagree. First of all, we note the absence in the record of the bargaining agreement or the specifics of its possibly relevant parts. Furthermore, the situation presented here is clearly distinguishable, in several respects, from the one encountered in *Matter of Cahill (supra)*. The most notable distinction is the fact that there the claimant expressly chose not to file a grievance and wrote the employer: "I wish to leave * * * I accept your dismissal". Also to be distinguished is the situation presented in *Matter of Serrano (Levine)* (52 AD2d 1022). There, the claimant's work assignment was changed to duties he contended were not within the scope of the work classification assigned to him. Though neither charged nor terminated, claimant simply resigned instead of availing himself of grievance procedures open to him through his union and, accordingly, was ruled ineligible for having voluntarily left without good cause. While there is clearly an obligation for an employee to protect and retain his employment through the exercise of all reasonable means (cf. *Matter of Eisenberg [Catherwood]*, 29 AD2d 1019), where, as here, serious, if not criminal charges, have been levied by the employer against the employee and have been found to have been unsubstantiated, any requirement that an employee must be denied benefits for failing to exhaust all possible approaches to his recapture or retention of employment where it has been dramatically demonstrated that he is not wanted is contrary to reason. The board's decision has a rational basis and is clearly supported by substantial evidence and should be affirmed. Decision affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.