OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the decision of the Unemployment insurance Appeal Board reinstated.
Claimant was charged by his employer with falsely reporting mileage traveled during the course of his employment as a motor vehicle operator for the New York City Department of Transportation. An informal conference was held by his employer, after which claimant was found guilty and suspended for 30 days.
Thereupon, claimant applied for unemployment benefits but was determined to be ineligible by the local board on the ground that he had been suspended from his job for misconduct. At a hearing before the Unemployment Insurance Appeal Board, the administrative law judge overruled the local board’s determination, finding that claimant did not voluntarily leave his job and that claimant’s actions *685 did not amount to misconduct for purposes of qualifying for unemployment benefits. The Unemployment Insurance Appeal Board affirmed and the employer appealed. The Appellate Division reversed and remitted for further proceedings,* holding that claimant voluntarily left his employment.
Section 593 (subd 1, par [a]) of the Labor Law provides that, for a limited period measured by his subsequent employment, a claimant is ineligible to receive unemployment benefits if he voluntarily leaves his employment without good cause. Whether a claimant has voluntarily left his employment is usually a question of fact for the Unemployment Insurance Appeal Board to decide. (Matter of Fisher [Levine], 36 NY2d 146, 150.) This is so where, as here, different inferences can be drawn from the evidence presented. In such cases, the appeal board’s decision concerning the voluntariness of a claimant’s separation from employment is conclusive upon the courts if supported by substantial evidence. (Matter of Fisher [Levine], supra, at p 150.)
In the case on appeal, claimant presented evidence showing that he vigorously disputed the charges filed against him and did not leave his job until ordered to do so by his employer. Even then claimant did not accept the 30-day suspension until he was advised by his union representative that if he pursued the matter further he could lose his job permanently. Faced with this unwelcome prospect, claimant decided to accept the suspension, rather than proceed further in accordance with his union’s grievance procedures or the procedures available under sections 75 and 76 of the Civil Service Law. Upon this record, we believe that the board’s determination that claimant did not voluntarily leave his job is supported by substantial evidence.
The Appellate Division, in reaching a different conclusion, erroneously relied upon Matter of Cahill (Ross) (77 AD2d 734). Unlike the case on appeal, the appeal board in *686 Matter of Cahill (Ross) determined that the claimant had voluntarily resigned his employment. The Appellate Division, noting that claimant accepted “the concept that he resigned” (77 AD2d, at p 735), merely held that the board’s finding was supported by substantial evidence. Since substantial evidence supports the appeal board’s determination in this case as it did in Matter of Cahill (Ross) (supra), a reversal is required. (See, also, Matter of Guerin [Roberts], 88 AD2d 1018, mot for lv to app den 57 NY2d 604.)
With respect to the board’s finding that claimant was not guilty of misconduct for purposes of qualifying for unemployment benefits, an issue not reached by the Appellate Division, we note that evidence was presented at the hearing demonstrating that claimant kept a record of mileage he actually traveled. Additional evidence, which was not rebutted by the employer, showed that claimant began recording his actual mileage, as opposed to that registered on his vehicle’s odometer, only after he had reported the mileage discrepancies to his supervisor and was assured that the problem would be taken care of. We hold, therefore, that there is substantial evidence to support the board’s finding of no misconduct.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed, with costs, and the decision of the Unemployment Insurance Appeal Board reinstated in a memorandum.

 Since the appeal board, on remittitur, was merely required to perform the ministerial act of denying benefits to claimant, the order of the Appellate Division is final and subject to review by this court. (See Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 11, p 47.)