■ In the Matter of the Claim of GENEVIEVE BATEMAN, Respondent. RENSSELAER COUNTY SHERIFF'S DEPARTMENT et al., Appellants; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 24, 1987.

Claimant was employed as a correction officer in the employer's county jail when one of the prisoners escaped from the tier to which claimant had been assigned. As a result, claimant was served with a notice of discipline on January 7, 1986, alleging certain infractions and stating that claimant would be dismissed from her employment effective at the end of the workday January 10, 1986. The notice also advised claimant that she had the right to file a grievance. At the time claimant was served with the notice of discipline, the Rensselaer County Sheriff advised claimant that instead of pursuing a grievance, she could resign for "personal reasons" to protect her employment record and that, if she resigned, he would help her find other employment within the county. Claimant elected to resign, effective January 10, 1986, and, with the Sheriff's permission, stayed out of work on January 8, 9 and 10, charging those days to her accrued leave time.

Following a lengthy hearing, the Administrative Law Judge ruled that claimant had voluntarily left her employment

without good cause and was, therefore, disqualified from receiving benefits. The Unemployment Insurance Appeal Board reversed, finding that "[t]he credible evidence establishes that claimant did not voluntarily leave her job; she was discharged". The employer appeals.

It is the employer's contention that the Board erred, as a matter of law and as a matter of fact, in finding claimant was discharged. The employer argues that claimant could not have been discharged until there had been compliance with the procedural requirements of the relevant collective bargaining agreement. Thus, according to the employer, claimant had the contractual right, after she was served with the notice, to pursue the grievance procedure established in the collective bargaining agreement and remain in her position. Pursuit of the grievance procedure is, however, only one of several alternative conditions precedent to the imposition of the proposed penalty. For example, the contract provides that the penalty may be imposed if "the matter is settled".

Although the Board's decision is not explicit on the point, it is apparent from the cases cited in its decision *(Matter of LaRocca [New York City Dept. of Transp.—Roberts],* 59 NY2d 683; *Matter of Guerin [Roberts],* 88 AD2d 1018, *lv denied* 57 NY2d 604) that the Board viewed claimant's purported resignation as an acceptance of the penalty of dismissal to protect her employment record. The Board further found that although claimant may have been careless or negligent in the performance of her duties, she was not guilty of misconduct within the meaning of the Labor Law and, therefore, she lost her employment under nondisqualifying conditions. Since the Board's decision is not irrational, and since there is substantial evidence in the record to support the Board's findings, the decision must be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Levine and Harvey, JJ., concur.