■ In the Matter of the Claim of FRANK DE BENEDETTO, Respondent. TOWN OF BROOKHAVEN, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [664 NYS2d 677] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 14, 1996, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as a sanitation inspector for the employer from 1986 until April 14, 1993, when misconduct charges were preferred against him. In the midst of a hearing on the charges held pursuant to Civil Service Law § 75, the parties entered into a stipulation wherein claimant agreed to resign and the employer agreed to drop the charges and, *inter alia*, inform any prospective employers that claimant had resigned for personal reasons. The Unemployment Insurance Appeal Board reversed the initial determination disqualifying claimant from receiving unemployment insurance benefits on the ground that he had voluntarily left his employment without good cause and referred the question of whether claimant should be disqualified because of loss of employment through misconduct to the local office for further consideration.

Because the Board may remit a case "for such purposes as it may direct" (Labor Law § 621 [3]), our inquiry is limited to whether it abused its discretion in this instance (*see, Matter of Rongovian Embassy [Sweeney]*, 239 AD2d 779). We conclude that it did not as there is precedent that a claimant who voluntarily leaves his or her position in the face of disciplinary charges may qualify for unemployment benefits if the actions did not amount to misconduct (*see, Matter of La Rocca [New York City Dept. of Transp.—Roberts]*, 59 NY2d 683; *Matter of Bateman [Rensselaer County Sheriff's Dept.—Hartnett]*, 147 AD2d 738; *Matter of Guerin [Roberts]*, 88 AD2d 1018, *lv denied* 57 NY2d 604).

White, J. P., Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.