■ In the Matter of the Claim of THOMAS B. MINEO, Respondent. COUNTY OF ERIE, Appellant; COMMISSIONER OF LABOR, Respondent. [762 NYS2d 186] —Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 13, 2002, which, upon reconsideration, adhered to its

prior decision ruling, inter alia, that claimant was entitled to receive unemployment insurance benefits.

In April 2000, claimant was advised that his supervisory position with the Erie County Department of Public Works would be eliminated at the end of the year. Claimant was given the option of remaining in his current position through the end of the year or immediately transferring to a lower level position where he could stay until March 2001 when he would have 20 years' service credit. Rather than accept the demotion, claimant elected to participate in an early retirement incentive program and he stopped working on September 29, 2000. Thereafter, he filed a claim for unemployment insurance benefits effective January 29, 2001. Following various hearings, an Administrative Law Judge found that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause and charged him with a recoverable overpayment of benefits in the amount of $1,904. The Unemployment Insurance Appeal Board reversed the Administrative Law Judge's decision and ruled that claimant was entitled to receive benefits. Upon reconsideration, the Board adhered to its prior decision. This appeal ensued.

Initially, whether a claimant is disqualified from receiving unemployment insurance benefits because he or she has voluntarily left his or her employment without good cause is a question of fact for the Board to resolve and its decision will be upheld if supported by substantial evidence (see Matter of Lavecchia [Dana Funding—Commissioner of Labor], 265 AD2d 724, 724 [1999]; Matter of Arroyo [Sweeney], 247 AD2d 745, 746 [1998]). Generally, an employee who accepts an early retirement incentive package when continuing work is available will be deemed to have left his or her employment without good cause (see Matter of Moisides [Commissioner of Labor], 264 AD2d 879 [1999]; Matter of Campolattano [Commissioner of Labor], 260 AD2d 711 [1999]; Matter of Slezak [Commissioner of Labor], 252 AD2d 644 [1998]). Here, however, the Board credited the testimony of claimant that he accepted the early retirement incentive package after it became clear that continuing work would not be available. Claimant testified that regardless of whether he stayed in his current supervisory position until the end of 2000 or he agreed to stay on at the lower paying position, his employment would have discontinued no later than March 2001. Although the employer's representative testified that claimant could have remained in the lower paying position indefinitely, this conflicting testimony raised a credibility issue for the Board's resolution (see Matter of Mesi-

*dor [Sweeney],* 247 AD2d 696 [1998]). Under these circumstances, claimant's decision to opt for early retirement did not disqualify him from receiving unemployment insurance benefits. Therefore, we decline to disturb the Board's decision.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.