■ In the Matter of the Claim of VERONICA JIMENEZ, Appellant. NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE, Respondent; COMMISSIONER OF LABOR, Respondent. [798 NYS2d 803]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 31, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a community service aide in the New York County District Attorney's office when she agreed to a stipulation of resignation in lieu of facing disciplinary proceedings for her alleged misuse of a cellular telephone that had been issued to her for business purposes. According to the employer, claimant agreed to return the telephone when asked but nevertheless kept the phone and continued to use it for business and personal purposes. When confronted with the possibility of disciplinary and/or criminal charges, claimant agreed to resign and make restitution and the employer agreed to not pursue any charges and to provide her with a neutral employment reference. Thereafter, claimant was initially determined to be eligible for unemployment insurance benefits on the basis that her resignation in lieu of discharge was not a voluntary separation from employment. The employer challenged the initial determination and a hearing was held, after which an Administrative Law Judge determined that claimant was disqualified from receiving benefits because she had voluntarily left her employment without good cause. The Unemployment Insurance Appeal Board affirmed that determination and claimant now appeals.

A claimant "who voluntarily leaves his or her position in the face of disciplinary charges may qualify for unemployment benefits if the actions did not amount to misconduct" (*Matter of De Benedetto [Town of Brookhaven—Sweeney]*, 244 AD2d 740, 740 [1997]). Accordingly, claimant may be entitled to collect benefits despite her resignation if her alleged misuse of the

phone does not amount to disqualifying misconduct under the Labor Law (*see* Labor Law § 593 [3]; *Matter of LaRocca [New York City Dept. of Transp.—Roberts]*, 59 NY2d 683, 685-686 [1983]; *Matter of Bateman [Rensselaer County Sheriff's Dept.—Hartnett]*, 147 AD2d 738, 738-739 [1989]). However, inasmuch as the issue of whether a claimant's actions constitute disqualifying misconduct is a factual issue for the Board to resolve (*see Matter of Bukowski [Arc Summit Park—Sweeney]*, 231 AD2d 785, 785 [1996]; *Matter of Arroyo [Dry Harbor Nursing Home—Hartnett]*, 145 AD2d 886, 887 [1988]), and no such determination has been made here, the matter must be remitted for further proceedings on that issue (*see Matter of De Benedetto [Town of Brookhaven—Sweeney]*, *supra* at 740).

Cardona, P.J., Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.