In the Matter of the Claim of KATHERINE M. STRAW, Respondent. ROCKY POINT UNION FREE SCHOOL DISTRICT, Appellant; COMMISSIONER OF LABOR, Respondent. [821 NYS2d 302]—

Lahtinen, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 17, 2005, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant, a guidance counselor employed by the Rocky Point Union Free School District, was suspended following several complaints about her work performance, including allegations that she had engaged in inappropriate physical contact with various students. The District's superintendent advised claimant that he intended to recommend to the Board of Education at its next meeting that she be terminated. Although claimant had initially grieved the suspension through her union, she eventually entered into a written agreement whereby she withdrew her grievance and resigned and the District expunged from her record the proposed discharge and its basis. The Unemployment Insurance Appeal Board thereafter determined that claimant's employment had ended in a nondisqualifying manner and, as such, she was eligible to receive unemployment insurance benefits. The District now appeals.

Whether a claimant has voluntarily left employment with good cause and, consequently, is entitled to receive unemployment insurance benefits is a factual issue for the Board to resolve and its determination in that regard will not be disturbed so long as it is supported by substantial evidence (*see Matter of Sims [Commissioner of Labor]*, 17 AD3d 905, 906 [2005]; *Matter of Mineo [County of Erie—Commissioner of Labor]*, 307 AD2d 611, 612 [2003]). Moreover, a claimant " 'who voluntarily leaves his or her position in the face of disciplinary charges may qualify for unemployment benefits if the actions did not amount to misconduct' " (*Matter of Jimenez [New York County Dist. Attorney's Off.—Commissioner of Labor]*, 20 AD3d 843, 843 [2005], quoting *Matter of De Benedetto [Town of Brookhaven—Sweeney]*, 244 AD2d 740, 740 [1997]). Here, the Board concluded that claimant agreed to surrender her right to continue the grievance process and resign pursuant to a negotiated settlement as a means of accepting the penalty of dismissal in order to protect her employment record (*see Matter of Bateman [Rensselaer County Sheriff's Dept.—Hartnett]*, 147 AD2d 738, 739 [1989]). The Board further determined that the District failed to demonstrate that claimant's actions rose to the level of misconduct (*see id.*). Because the record contains substantial evidence supporting the Board's factual findings, we affirm.

The District's remaining contentions, to the extent not specifi-

cally addressed herein, have been considered and found to be unavailing.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.