■ In the Matter of the Claim of RONALD I. COHEN, Respondent. TOWN OF BROOKHAVEN, Appellant; COMMISSIONER OF LABOR, Respondent. [936 NYS2d 717]—

We affirm. "A claimant 'who voluntarily leaves his or her position in the face of disciplinary charges may qualify for unemployment benefits if the actions did not amount to misconduct' " (*Matter of Jimenez [New York County Dist. Attorney's Off.—Commissioner of Labor]*, 20 AD3d 843, 843 [2005], quoting *Matter of De Benedetto [Town of Brookhaven—Sweeney]*, 244 AD2d 740 [1997]; *see Matter of LaRocca [New York City Dept. of Transp.—Roberts]*, 59 NY2d 683, 685 [1983]; *Matter of*

*Straw [Rocky Point Union Free School Dist.—Commissioner of Labor]*, 32 AD3d 1098, 1099 [2006]). Here, it is clear from the record that the employer was preparing to file Civil Service Law § 75 disciplinary charges against claimant unless some type of negotiated resolution was agreed upon or claimant resigned. Indeed, the employer's representative never indicated that the employer decided not to pursue the charges. Notably, claimant stated that he felt he had no option but to leave his employment since disciplinary charges were imminent, he did not believe he could prevail at a hearing and he could lose his medical benefits. The fact that such charges were never actually filed before claimant resigned does not, under the circumstances presented, establish that he voluntarily left his employment without good cause. Therefore, we find no reason to disturb the Board's decision.

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.