*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 5, 2015                    519459
_____

In the Matter of the Claim of
    MILTON C. DAVIS,
                    Appellant.

                                      MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   December 2, 2014

Before:   Peters, P.J., Garry, Lynch and Devine, JJ.

_____

        Milton C. Davis, Stone Mountain, Georgia, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.

_____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed February 13, 2014, which ruled, among other things,
that claimant was disqualified from receiving unemployment
insurance benefits because he voluntarily left his employment
without good cause.

        Substantial evidence supports the decision of the
Unemployment Insurance Appeal Board finding that claimant
resigned from his employment as a counselor with a nonprofit
agency for personal and noncompelling reasons.  The record
establishes that although continuing work was available, claimant
resigned from his job because he was nervous that a lack of a
signed contract between the employer and the federal government
for the funding of the services provided by the employer would
result in his loss of employment.  Inasmuch as resigning from a
job in anticipation of being discharged has been held not to
constitute good cause for leaving employment (see Matter of

Carcaterra [Association for Computing Mach., Inc.-Commissioner of Labor], 90 AD3d 1389, 1390 [2011]; Matter of Dixon-Weaver [Commissioner of Labor], 67 AD3d 1243, 1244 [2009]), we find no reason to disturb the Board's decision that claimant was disqualified from receiving unemployment insurance benefits under the circumstances herein.  Furthermore, because claimant indicated on his application for unemployment insurance benefits that his separation from employment was due to lack of work, the Board's finding that he made a willful false statement to obtain benefits will not be disturbed (see Matter of Ferreira [Commissioner of Labor], 84 AD3d 1609, 1610-1611 [2011]; Matter of DeGennaro [Commissioner of Labor], 68 AD3d 1274, 1275 [2009]).

Peters, P.J., Garry, Lynch and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court