State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  July 28, 2016                    522190
_____

In the Matter of the Claim of
    MARK J. FRANKLIN,
                        Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                        Respondent.
_____

Calendar Date:  June 6, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

    Law Offices of Dorfman & Dorfman, Freeport (Jeffrey K.
Weiner of counsel), for appellant.

    Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for respondent.

_____

    Appeal from a decision of the Unemployment Insurance Appeal
Board, filed February 24, 2015, which ruled, among other things,
that claimant was disqualified from receiving unemployment
insurance benefits because he voluntarily left his employment
without good cause.

    Substantial evidence supports the decision of the
Unemployment Insurance Appeal Board finding that claimant,
employed as a Sony specialist with a marketing firm, voluntarily
left his employment without good cause (see Labor Law § 593 [1]
[a]; Matter of LaRocca [New York City Dept. of Transp.—Roberts],
59 NY2d 683, 685 [1983]).  The record establishes that claimant
had recently received a written warning regarding his
absenteeism/tardiness that notified him that failure to
immediately improve his performance/behavior "may result in
further corrective action up to and including termination of

[his] employment." Shortly thereafter, claimant was accused by his market manager of not being at the store when scheduled to work and was notified that he was removed from the schedule until further notice and that human resources would be in contact with him. In response, claimant resigned believing that, because he was unable to prove that he was at work on the particular day in question, his discharge from employment was imminent/inevitable.

Under certain circumstances, "claimant[s] who voluntarily leave[] [their] position in the face of disciplinary charges may qualify for unemployment benefits if [their] actions [do] not amount to misconduct" (Matter of Jimenez [New York County Dist. Attorney's Off.—Commissioner of Labor], 20 AD3d 843, 843 [2005] [internal quotation marks and citation omitted]; see Matter of Cohen [Town of Brookhaven—Commissioner of Labor], 91 AD3d 998, 998 [2012], lv dismissed 19 NY3d 831 [2012]). Here, claimant was not facing disciplinary charges when he quit and did not present a compelling reason to leave his employment (compare Matter of LaRocca [New York City Dept. of Transp.—Roberts], 59 NY2d at 685; Matter of Straw [Rocky Point Union Free School Dist.—Commissioner of Labor], 32 AD3d 1098, 1099 [2006]). According to his own testimony, claimant merely presumed that he would face disciplinary action because he had been recently warned and his manager referred the matter to human resources. Claimant admitted that he did not wait to be contacted by his manager nor did he discuss the matter with his manager, and he testified that he wanted a "clean break from the [employer]." However, in the absence of disciplinary charges, "resigning . . . in anticipation of discharge does not constitute good cause for leaving one's employment" (Matter of Kanter [Commissioner of Labor], 138 AD3d 1283, 1283 [2016]; see Matter of Zerrillo [Commissioner of Labor], 91 AD3d 1011, 1012 [2012]; Matter of Seiglar [Commissioner of Labor], 51 AD3d 1118, 1118 [2008]). As the Board's decision that claimant voluntarily left his employment without good cause is supported by substantial evidence, it will not be disturbed.

Furthermore, because claimant indicated on his application for unemployment insurance benefits that his employment ended due to lack of work, the Board's finding that he made willful false statements and its assessment of a recoverable overpayment of

benefits will not be disturbed (see Matter of Davis [Commissioner of Labor], 125 AD3d 1040, 1041 [2015]; Matter of Ferreira [Commissioner of Labor], 84 AD3d 1609, 1610-1611 [2011]).

McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court