*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    November 10, 2016                    522415
_____

In the Matter of the Claim of
    PATRICIA A. FLINT-JONES,
                    Appellant.

FEDERAL RESERVE BANK OF NEW                    MEMORANDUM AND ORDER
    YORK,
                    Respondent.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:    September 20, 2016

Before:    McCarthy, J.P., Garry, Devine, Clark and Aarons, JJ.

_____

        Patricia A. Flint-Jones, New York City, appellant pro se.

        Daniel M. Kuhn, New York City, for Federal Reserve Bank of
New York, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for Commissioner of Labor,
respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed December 29, 2015, which ruled, among other things,
that claimant was disqualified from receiving unemployment
insurance benefits because she voluntarily left her employment
without good cause.

        Claimant, a project manager responsible for internal and
external employee e-learning for the employer bank, was advised
by her supervisor, a vice-president, that the talent management
operations for which she worked were being reorganized and

integrated.  Perceiving that the change constituted a demotion, claimant resigned from her position and applied for unemployment insurance benefits, citing "lack of work" as the reason for her application, although continuing work was available.  Following hearings, the Unemployment Insurance Appeal Board disqualified claimant from receiving benefits, finding that she had voluntarily left her employment without good cause.  In addition, the Board charged her with a recoverable overpayment of benefits and imposed a forfeiture penalty, upon finding that she had made willful misrepresentations to obtain benefits.  Claimant appeals.

We affirm.  As a threshold matter, whether an employee has good cause to leave employment is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence (see Matter of Tineo [Commissioner of Labor], 117 AD3d 1307, 1308 [2014]; Matter of Louis [Commissioner of Labor], 109 AD3d 1044, 1044 [2013]).  As relevant here, dissatisfaction with job assignments or responsibilities has been held to not constitute good cause for resigning (see id.).  The Board credited the testimony of claimant's supervisor regarding the reorganization and its effect upon claimant.  Claimant's title, grade, salary, work schedule and location were not being changed and, while there were changes in her job duties, her precise duties had not been finally determined due to the ongoing and preliminary nature of the reorganization.

Significantly, claimant did not attempt to speak with any of her supervisors before resigning to raise concerns or clarify the new job duties.  The Board was free to reject claimant's disputed testimony that she resigned as a result of ongoing retaliation (see Matter of Weeden [SC Choice Mgt. Corp./SC of Upstate NY–Commissioner of Labor], 121 AD3d 1138, 1139 [2014]).  Thus, substantial evidence supports the Board's decision that claimant lacked good cause to leave her employment.  As claimant falsely reported that she had left the job due to a lack of work, substantial evidence similarly supports the Board's finding that she had made a willful misrepresentation to obtain benefits (see Matter of McCarthy [Commissioner of Labor], 120 AD3d 876, 877 [2014]).

McCarthy, J.P., Garry, Devine, Clark and Aarons, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court