*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 15, 2016                    522944
_____

In the Matter of the Claim of
    BRENDA A. TRUNZO,
                    Appellant.

                                              MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

                        _____


        Bonney Law Firm, Waterloo (Gregory L. Bonney of counsel),
for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for respondent.

                        _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed October 15, 2015, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because her employment was terminated due to misconduct.

        Claimant was a registered nurse case manager for a home
care agency.  Part of her duties included monitoring a patient's
medication and filling a daily medication administration tray,
known as a mediset, which could only contain agents prescribed or
approved by the patient's physician.  Claimant was discharged
from her employment after it was discovered that, contrary to the
employer's known policy guidelines, she included over-the-counter
diet pills in a patient's mediset without informing a physician
or obtaining a physician's order.  The Unemployment Insurance
Appeal Board, reversing a decision of the Administrative Law
Judge, ruled that claimant engaged in disqualifying misconduct

and denied her application for unemployment insurance benefits. Claimant appeals.

We affirm. "An employee's violation of an employer's reasonable policy, which has a detrimental effect on the employer's interest, has been found to constitute disqualifying misconduct" (Matter of Sutton [Albany Med. Ctr.—Commissioner of Labor], 84 AD3d 1621, 1622 [2011] [citations omitted]). Here, claimant received an employee handbook and was aware of the employer's policy that a physician's order is required for any medication or therapeutic agent placed in a mediset. Claimant knew that the purpose of the policy was to keep the physician informed of any substances being combined with the patient's prescribed medications in order to address any potential harmful interactions. To the extent that claimant asserts that her conduct was unintentional as she just forgot to obtain a physician's order and that such conduct amounted to mere negligence, we note that "[w]hether a claimant's actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve" (Matter of Muniz [Mitarotonda Servs., Inc.—Commissioner of Labor], 140 AD3d 1426, 1427 [2016] [internal quotation marks and citation omitted]; see Matter of Arroyo [Dry Harbor Nursing Home—Hartnett], 145 AD2d 886, 887 [1988]). Under the circumstances here, where claimant's conduct took place over a period from November 2014 to April 2015, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct and its decision will not be disturbed (see Matter of Strang [Memory Gardens, Inc.—Commissioner of Labor], 112 AD3d 1254, 1255 [2013]; Matter of Farnsworth [Ellis Hosp.—Commissioner of Labor], 108 AD3d 1008, 1009 [2013]; Matter of Meagher [Commissioner of Labor], 89 AD3d 1269, 1269 [2011]), notwithstanding the fact that claimant did not receive any prior warnings. We have reviewed claimant's remaining contentions and find them to be unpersuasive.

McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ., concur.

                         -3-                    522944

ORDERED that the decision is affirmed, without costs.




                    ENTER:

                    *Robert D Mayberger*

                    Robert D. Mayberger
                    Clerk of the Court