■ In the Matter of the Claim of YOLANDA COHEN, Respondent. NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, Appellant; COMMISSIONER OF LABOR, Respondent. [60 NYS3d 542]—

Egan Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 11, 2015, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked for the employer as a paralegal from 2007 to 2012, during which time various disciplinary charges were lodged against her. In February 2012, claimant and the employer entered into a stipulation of settlement resolving the most recent round of disciplinary infractions. Pursuant to the terms of that stipulation, claimant would waive her right to a Civil Service Law § 75 hearing and would resign effective March 15, 2012. In the interim, claimant would be allowed to collect her accrued annual leave and, going forward, would receive a "neutral reference" from the employer. Notably, the stipulation of settlement contained no admission of misconduct, and no finding of wrongdoing on the part of claimant was made.

Claimant subsequently filed an application for unemployment insurance benefits, and the Department of Labor issued initial determinations disqualifying claimant from receiving benefits upon the grounds that she voluntarily left her employment without good cause or, alternatively, lost her employment due to misconduct. Following a lengthy hearing, an Administrative Law Judge (hereinafter ALJ) overruled the initial determinations, finding that claimant had good cause to separate from her employment and had not otherwise committed disqualifying misconduct. In so concluding, the ALJ found that claimant had been subject to a hostile work environment. The Unemployment Insurance Appeal Board subsequently adopted the ALJ's findings and affirmed the ALJ's decision, prompting this appeal by the employer.

We affirm. As a general proposition, a claimant who voluntarily leaves his or her employment without good cause will not be entitled to receive unemployment insurance benefits (*see e.g. Matter of Flint-Jones [Federal Reserve Bank of N.Y.—Commissioner of Labor]*, 144 AD3d 1288, 1288-1289 [2016]), and the same holds true for a claimant who engages in disqualifying misconduct (*see e.g. Matter of Trunzo [Commissioner of Labor]*, 145 AD3d 1308, 1309 [2016]). That said, "[a] claimant who voluntarily leaves his or her position in the face of disciplinary charges may qualify for unemployment benefits if the actions did not amount to misconduct" (*Matter of Jimenez [New York County Dist. Attorney's Off.—Commissioner of Labor]*, 20 AD3d 843, 843 [2005] [internal quotation marks and

citation omitted]; *accord Matter of Cohen [Town of Brookhaven —Commissioner of Labor]*, 91 AD3d 998, 998 [2012], *lv dismissed* 19 NY3d 831 [2012]; *Matter of Straw [Rocky Point Union Free School Dist.—Commissioner of Labor]*, 32 AD3d 1098, 1099 [2006]). "Whether a claimant has engaged in disqualifying misconduct is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (*Matter of Oberman [New York City Dept. of Citywide Admin. Servs.—Commissioner of Labor]*, 143 AD3d 1022, 1023 [2016] [internal quotation marks and citations omitted]; *see Matter of Trunzo [Commissioner of Labor]*, 145 AD3d at 1309).

Claimant and the employer's witnesses presented competing accounts of claimant's work history, her work product, her general demeanor and her interaction with others in her office. Without recounting the extensive testimony offered on these points, suffice it to say that the employer portrayed claimant as an insubordinate malcontent who failed to timely and appropriately complete assignments or respond to various emails or directives. Claimant, on the other hand, testified at length as to the "bullying" and harassment that she endured at the hands of her supervisors, recounted the manner in which she was verbally threatened by certain individuals in her office and disputed the employer's account of her overall work performance. This conflicting testimony presented factual and credibility issues for the Board to resolve (*see Matter of Saunders [Life Adj. Ctr., Inc.—Commissioner of Labor]*, 106 AD3d 1317, 1317-1318 [2013]). As noted previously, the stipulation of settlement entered into between claimant and the employer contained no finding or admission of wrongdoing on the part of claimant. Further, upon crediting claimant's testimony as to the nature of her work environment and her reasons for resigning, the Board agreed with the ALJ's findings that claimant's actions did not rise to the level of disqualifying misconduct but, rather, were undertaken in direct response to her "hostile" and "untenable" work environment—an environment that, in turn, provided "a compelling reason for her to resign." As there is substantial evidence to support the Board's decision in this regard, it will not be disturbed—despite the presence of other evidence in the record that could support a contrary conclusion (*see Matter of Barrier Window Sys., Inc. [Commissioner of Labor]*, 149 AD3d 1373, 1375 [2017]).

Peters, P.J., Garry, Rose and Mulvey, JJ., concur. Ordered that the decision is affirmed, without costs.