■ In the Matter of the Claim of STACY ABRAMS, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [658 NYS2d 541] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, a salesperson for a clothing manufacturer, was paid a base salary plus a percentage of all sales. After claimant's tardiness did not improve despite the employer's warnings, claimant was informed that she would no longer be receiving her base salary but would be working solely on commission. Claiming to be dissatisfied with the garments she was expected to sell and not wanting to work on commission, claimant resigned without discussing these concerns with the company's president. The Unemployment Insurance Appeal Board denied claimant's application for unemployment insurance benefits on the ground that she voluntarily left her employment without good cause.

We conclude that substantial evidence supports the Board's decision. Claimant's general dissatisfaction with her employment and wages did not constitute good cause for leaving (*see, Matter of Welker [Hudacs]*, 205 AD2d 822; *Matter of Lewis [Hudacs]*, 195 AD2d 680). We find it significant that elimination of claimant's salary was a result of her excessive tardiness. Furthermore, because claimant failed to discuss her commission-only basis with the company president, the record supports the Board's conclusion that claimant failed to exercise all reasonable means to protect her employment (*see generally, Matter of Guerin [Roberts]*, 88 AD2d 1018, 1019, *lv denied* 57 NY2d 604). Further, claimant's contention that she left her employment because her employer failed to establish a "line"

of garments for her to sell presented a credibility issue for the Board to resolve (*see, Matter of Velazquez [Hudacs]*, 204 AD2d 928). Claimant's remaining contentions have been reviewed and found to be without merit. The Board's decision finding that claimant left her employment under disqualifying conditions is, accordingly, affirmed.

Cardona, P. J., White, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.