■ In the Matter of the Claim of ROSE M. ILLERBRUN, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [667 NYS2d 491] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 30, 1996, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the Unemployment Insurance Appeal Board's decision ruling that claimant voluntarily left her employment without good cause. The record reveals that when claimant returned to work for the employer after an absence, she was informed that although she would be placed back on the payroll, she was required to undergo a return-to-work physical examination and that she would not be assigned her regular duties until the results of that examination were received. She left her employment later that day because she was given no work to do, a situation that she found intolerable. Claimant failed to attend the physical examination that was scheduled for her on the next business day and failed to follow the employer's directive to reschedule the examination, even though she was aware that her failure to do so would result in her discharge.

An employee who fails to take reasonable steps necessary to protect his or her continued employment is deemed to have voluntarily resigned without good cause (*see, Matter of Bonilla [Sweeney]*, 233 AD2d 735). Under the circumstances presented here, we find no reason to disturb the Board's decision denying claimant benefits on the ground that her reasons for leaving her employment were personal and noncompelling and charging her with a recoverable overpayment.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.