■ In the Matter of the Claim of JOSE GINES, Appellant. COMMISSIONER OF LABOR, Respondent. [742 NYS2d 175] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked for the New York State Unified Court System for more than nine years. Six months before claimant resigned, he was transferred from his job in the law library at the Appellate Division, Second Department, to a job with a similar title and pay in the records room at Supreme Court, Kings County. Claimant was unhappy about the transfer, particularly after the arrival of another employee with whom claimant had several heated arguments. Claimant complained to his superiors but did not pursue the available grievance procedure before resigning. Concluding that claimant had voluntarily left his employment without good cause, the Unemployment Insurance Appeal Board denied his claim for unemployment benefits, prompting this appeal by claimant.

Neither the inability to get along with a coworker (see, Matter of Gardiner [Commissioner of Labor], 272 AD2d 709; Matter

*of Ferrugia [AAA Acc. Ins.—Sweeney]*, 233 AD2d 742, 743) nor the refusal to accept a new work assignment that involves similar work and does not result in a reduction in pay (*see, Matter of Clement [Commissioner of Labor]*, 254 AD2d 652, *lv dismissed* 93 NY2d 1041; *Matter of Guida [Sweeney]*, 238 AD2d 643, 644) constitutes good cause for leaving one's employment. Claimant's failure to pursue the available grievance procedure prior to his resignation lends further support to the finding that he left his employment under disqualifying circumstances (*see, Matter of Peterson [Commissioner of Labor]*, 292 AD2d 697; *Matter of Giaffo [Sweeney]*, 235 AD2d 886). Accordingly, there is no basis to disturb the Board's decision.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.