■ In the Matter of the Claim of ANDIE J. ZAJACESKOWSKI, Appellant. COMMISSIONER OF LABOR, Respondent. [745 NYS2d 614] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 7, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a sales associate for a home improvement business. At the time he was hired, it was agreed between claimant and the employer that after his initial period of training, claimant would be paid a commission on sales that he generated. As long as he was successfully making sales, he would receive a weekly draw of $400, representing an advance payment of the expected future commissions. After approximately three months on the job, claimant left his employment because he did not receive a weekly paycheck. The employer had warned claimant that no check would be issued to him that week because he had failed to generate sufficient sales, noting that claimant was already in arrears for advance payments he had previously received. The Unemployment Insurance Appeal Board ruled that claimant lost his employment under disqualifying circumstances. We affirm.

In general, a claimant's dissatisfaction with the terms of his employment, including the amount of his compensation, has been found not to constitute good cause for resigning (see, Matter of Greco [Commissioner of Labor], 286 AD2d 796; Matter of Stalter [Cybex Intl.—Sweeney], 240 AD2d 830, 831). In the matter under review, it is undisputed that claimant resigned because he did not receive a paycheck. Claimant testified that he expected to receive a weekly paycheck regardless of the amount of sales he generated. The employer testified, however, that claimant had been clearly informed when he was hired that his receipt of a weekly paycheck would be contingent upon his continuing to generate profitable sales. To the extent that this conflict in testimony presented an issue of credibility, it was for the Board to resolve (see, Matter of Pinedo [Advertising Info. Sys.—Commissioner of Labor], 270 AD2d 556; Matter of Abrams [Sweeney], 240 AD2d 833, 834). We conclude that substantial evidence supports the Board's decision ruling that claimant left his employment under disqualifying circumstances.

Cardona, P.J., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.