■ In the Matter of the Claim of RYAN ZAKRZEWSKI, Appellant. COMMISSIONER OF LABOR, Respondent. [760 NYS2d 247] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 23, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant, a site manager for a technical support company, submitted a signed letter of resignation to the Human Resource representative on March 20, 2002 due to job stress. On March 21, 2002, claimant was given until 11:00 A.M. to contact his supervisor and reconsider his resignation. When claimant failed to contact his supervisor by the time indicated, his resignation was accepted. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant voluntarily left his employment without good cause. Neither dissatisfaction with job responsibilities (*see Matter of Brown,* 288 AD2d 809 [2001]; *Matter of Watford,* 244 AD2d 725 [1997]) nor quitting in anticipation of layoffs constitutes good cause for resigning (*see Matter of Rudolfer,* 250 AD2d 903 [1998]; *Matter of Lake,* 176 AD2d 432 [1991]), particularly where, as here, continuing work was available. Although claimant maintains that he rescinded his resignation, this created a credibility issue for the Board to resolve (*see Matter of Williams,* 297 AD2d 857 [2002]; *Matter of Naughton,* 242 AD2d 812 [1997]). Furthermore, inasmuch as claimant's application for unemployment insurance benefits indicated that he was discharged from his employment, notwithstanding the fact that he submitted a signed letter of resignation, we

---

find no reason to disturb the Board's finding that he made willful false statements to obtain unemployment insurance benefits.

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.