■ In the Matter of the Claim of CHARLES HENRIKSON, Appellant. COMMISSIONER OF LABOR, Respondent. [764 NYS2d

374] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 10, 2003, which ruled, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a drywall installer. After claimant and his partner had a disagreement and the partner left the job site, claimant was unable to continue hanging the ceiling himself so he also left. Claimant testified that he tried to contact the employer once the following day, but made no attempt thereafter to request that he be given a different partner or inquire as to the availability of other assignments.

Under these circumstances, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant voluntarily left his employment without good cause. By not contacting the employer, claimant failed to take reasonable steps to protect his employment (*see e.g. Matter of Cranston [Commissioner of Labor]*, 294 AD2d 694 [2002]; *Matter of Murphy [Commissioner of Labor]*, 264 AD2d 877 [1999]). Furthermore, given claimant's statement on his application for unemployment insurance benefits that his separation from employment was caused by lack of work, we will not disturb the Board's finding that claimant made willful false statements or its assessment of a recoverable overpayment of benefits (*see Matter of Furman [Commissioner of Labor]*, 304 AD2d 953 [2003]).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.