■ In the Matter of the Claim of MARY L. CULP, Appellant. COMMISSIONER OF LABOR, Respondent. [767 NYS2d 680]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 1, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was transferred from the position of cashier at a retail store—a job which required employees to be able to lift up to 25 pounds—to that of sales clerk, after she presented the employer with a note from her physician advising that she was restricted to lifting weights no heavier than 10 pounds. When a new manager subsequently requested that she fill in as a temporary cashier, claimant declined based upon her inability to lift over 10 pounds. Aware that the employer's policy required

both sales clerks and cashiers to lift items weighing 25 pounds, the manager requested claimant to provide current documentation from her physician regarding the extent and duration of her weight-lifting limitations. Claimant was informed that she was not being discharged and, the next day, a position which was within claimant's weight-lifting restrictions became available. Claimant, however, did not return to her employment, provide medical documentation or respond to the employer's repeated attempts to communicate with her by telephone and letter.

The Unemployment Insurance Appeal Board subsequently ruled that claimant had voluntarily left her employment without good cause while continuing work was available. Under the circumstances presented here, we find that substantial evidence supports the Board's decision. The record establishes that claimant did not to take the reasonable steps necessary to protect her employment by failing to return with the requested medical documentation and by additionally failing to respond to the employer's communications regarding the job which would not have required heavy lifting (*see Matter of Klein [Commissioner of Labor]*, 304 AD2d 897 [2003]; *Matter of Illerbrun [Sweeney]*, 246 AD2d 722 [1998]).

The discrepancies between claimant's varying version of the events leading to the end of her employment and that given by the employer raised issues of credibility for resolution by the Board (*see Matter of Arbatosky [Commissioner of Labor]*, 302 AD2d 787, 788 [2003]). Claimant's remaining contentions have been reviewed and found to be unpersuasive.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.