■ In the Matter of the Claim of JOHN P. WEST, Appellant. COMMISSIONER OF LABOR, Respondent. [768 NYS2d 836]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 16, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a janitor, was suspended for three days for not abiding by the employer's directive to provide a doctor's note to explain a recent absence. Claimant was discharged when he failed to return to work at the end of the three days or thereafter contact the employer. Substantial evidence supports the Unemployment Insurance Appeal Board's decision that claimant engaged in disqualifying misconduct. It is well settled that failure to return to work as scheduled may constitute disqualifying misconduct (see e.g. Matter of Raykina [Commissioner of Labor], 304 AD2d 940 [2003]; Matter of Kanber [Commissioner of Labor], 288 AD2d 739, 740 [2001]; Matter of McDade [Hudacs], 203 AD2d 859 [1994]). Although claimant testified that he reported for work following the suspension, he left after a coworker told him that he had been fired. By failing to talk to his supervisor or thereafter contact the employer, claimant neglected to take reasonable steps to protect his employment (see Matter of Cranston [Commissioner of Labor], 294 AD2d 694, 694-695 [2002]).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.