■ In the Matter of the Claim of HADDA FORMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [770 NYS2d 762]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 3, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed by a temporary employment agency and was assigned to work in a physical therapist's office as an office assistant. Claimant expressed concern to the employment agency and the client that she was not qualified to fulfill some of the insurance and billing requirements that the job required, and claimant accepted the position based upon assurances by the employer that training would be provided. Claimant resigned after approximately three weeks because she felt that she was not qualified for the job and the training promised by the employer was not forthcoming. The Unemployment Insurance Appeal Board, reversing the decision of the Administrative Law Judge, denied claimant's application for benefits upon the ground that she voluntarily left her employment without good cause. This appeal ensued.

Whether a claimant has good cause for leaving employment is a factual question for the Board to resolve (*see Matter of Luta [Commissioner of Labor]*, 305 AD2d 786, 787 [2003]). Here, neither the employment agency nor the client complained about claimant's job performance, and the record establishes that continuing work was available. Inasmuch as "general dissatisfaction with working conditions, including the employer's training procedures," does not constitute good cause for leaving employment, substantial evidence supports the Board's decision (*Matter of Chiofalo [Commissioner of Labor]*, 256 AD2d 687, 687 [1998]). Furthermore, notwithstanding claimant's proffered excuse, there is substantial evidence to support the Board's finding that claimant made a willful false statement to obtain benefits when she indicated on her application for benefits that her employment ended due to lack of work, a statement which claimant knew to be false (*see e.g. Matter of Henrikson [Commissioner of Labor]*, 308 AD2d 654 [2003]).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.