■ In the Matter of the Claim of BONNIE L. ROWE, Appellant. COMMISSIONER OF LABOR, Respondent. [771 NYS2d 749]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 13, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a personal care aide for the employer. Approximately one hour before her shift was to begin on December 28, 2002, claimant called her supervisor at home and left a message that she would not be reporting for work and then notified her workplace that she would be absent. This was contrary to the employer's policy that an absence must be reported four hours before the beginning of a shift. When claimant called the next day to check her schedule, a coworker informed her that she had been removed from the schedule and had been fired. Claimant thereafter failed to report to work. Although claimant's husband made an unsuccessful attempt to contact claimant's supervisor at home, there is no evidence that claimant contacted the employer to inquire about her job status. Under these circumstances, we find substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant neglected to take reasonable steps to protect her employment by failing to contact the employer regarding her job (*see Matter of West [Commissioner of Labor]*, 2 AD3d 1251 [2003]; *Matter of Henrikson [Commissioner of Labor]*, 308 AD2d 654, 655 [2003]; *Matter of Cranston [Commissioner of Labor]*, 294 AD2d 694, 694-695 [2002]).

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.