■ In the Matter of the Claim of RAFAEL PEREZ, Appellant. COMMISSIONER OF LABOR, Respondent. [776 NYS2d 635]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 12, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was scheduled to take four days off from work, three as personal days and one as a sick day, between March 4, 2003 and March 7, 2003. He was not feeling well the following work day, March 10, 2003, and left a message on his employer's answering machine indicating that he was ill. That day, he received a message from his employer advising him that he needed to provide documentation substantiating his illness. Claimant did not work on March 11, 2003, but faxed a note from his doctor to the employer. The note, however, was apparently misplaced and not received by claimant's acting supervisor in a timely manner. Claimant did not work on March 12, 2003 and was admitted to the hospital the following day where he stayed for six days. He received a letter from his employer on March 13, 2003 informing him that, due to his failure to provide requested documentation or communicate with his employer, he was considered to have abandoned his job. Although the letter advised him that he could request a meeting if he disagreed with the employer's position, he did not thereafter contact the employer.

Claimant applied for and received unemployment insurance benefits. On his application, he represented that he had been fired from his position. He was subsequently disqualified from receiving benefits because he voluntarily left his employment without good cause and, among other things, was charged with a recoverable overpayment. This decision was ultimately upheld by the Unemployment Insurance Appeal Board, resulting in this appeal.

We affirm. By failing to take reasonable steps to protect his employment, such as contacting his employer after receiving the March 13, 2003 letter, explaining the circumstances of his absence and providing further medical documentation, if neces-

sary, claimant effectively left his employment without good cause and was disqualified from receiving unemployment insurance benefits (*see Matter of Sgroi [Commissioner of Labor]*, 4 AD3d 597, 598 [2004]; *Matter of Culp [Commissioner of Labor]*, 2 AD3d 949, 950 [2003]; *Matter of Cranston [Commissioner of Labor]*, 294 AD2d 694, 694-695 [2002]). Insofar as he inaccurately represented that he was fired from his position, when the letter specifically stated that he was deemed to have abandoned it, he was properly charged with a recoverable overpayment (*see Matter of Henrikson [Commissioner of Labor]*, 308 AD2d 654, 655 [2003]; *Matter of Zakrzewski [Commissioner of Labor]*, 305 AD2d 790, 790-791 [2003]).

Cardona, P.J., Mercure, Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.