■ In the Matter of the Claim of HARRY A. CONNERS, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 827]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 5, 2003, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as an accounts receivable specialist responsible for collecting debts from delinquent account holders. At the time that he was hired, it was understood and agreed between claimant and his employer that his employment duties would include making evening appearances in small claims court on the employer's behalf. Claimant left his employment after one month because he felt that his employer owed him additional compensation for the court appearances. Claimant's application for unemployment insurance benefits was denied on the grounds that he voluntarily left his employment without good cause and made a willful false statement on his benefits application by indicating that he had been discharged. Following a hearing, an Administrative Law Judge and the Unemployment Insurance Appeal Board sustained the determination. Claimant appeals.

We affirm. At the hearing, claimant admitted that his negotiations with the employer, which ultimately resulted in his being hired, did not include a discussion of additional compensation for the court appearances that his job duties entailed. Sheldon Shankowitz, the employer's chief financial officer, testified that no up-front compensation had ever been contemplated for the appearances because they were part of claimant's regular job duties. As it is well established that "once the terms of employment have been agreed upon, such terms cannot thereafter be invoked as valid grounds for quitting" (*Matter of Orlik [Commissioner of Labor]*, 257 AD2d 837, 837 [1999]), we agree with the Board that claimant's actions merely reflected a general dissatisfaction with his position and, therefore, are insufficient to establish good cause for resigning (*see Matter of Zajaceskowski [Commissioner of Labor]*, 296 AD2d 811 [2002]).

The Board did not abuse its discretion in determining that claimant was not entitled to overtime pay because he was exempt from the Fair Labor Standards Act of 1938 (hereinafter FLSA) (*see* 29 USC § 201 *et seq.*). FLSA exempts from its

overtime provisions those who are employed "in a bona fide executive, administrative, or professional capacity" (29 USC § 213 [a] [1]). An employee works in an administrative capacity if he or she receives an annual salary above a certain level and his or her primary duties consist of office or nonmanual work directly related to the employer's general business operations, which means work of substantial importance to the employer's business or administrative operations rather than production work (*see* 29 CFR 541.2 [a] [1]; 541.2 [e]; 541.205 [a]; *Matter of Scott Wetzel Servs. v New York State Bd. of Indus. Appeals*, 252 AD2d 212, 214 [1998]). The performance of administrative duties generally requires the exercise of discretion and independent judgment (*see* 29 CFR 541.2 [b]; 541.214 [a]). The evidence showed that claimant was a salaried employee earning $50,000 annually, worked in an office on nonmanual work, was not involved in the employer's production work of providing car and limousine service, and exercised discretion and judgment in determining which bills to collect or write off and when to institute court proceedings. Thus, the record supports the Board's determination that claimant was exempt from FLSA's overtime provisions.

Even if claimant was entitled to and was wrongly denied overtime pay, he failed to take reasonable steps to protect his employment. Shankowitz testified that, upon claimant's request that he receive additional compensation, Shankowitz advised him to wait for the employer's president to return to the office so claimant could discuss the matter with him. Rather than waiting to speak to the president, however, claimant left the office and did not return, even after Shankowitz, through another employee, attempted to contact him and induce him to return to work. Under these circumstances, claimant's failure to provide his employer with an opportunity to address his complaint further militates against a finding of good cause (*see Matter of Huntington [Commissioner of Labor]*, 295 AD2d 736, 737 [2002]; *Matter of Caldarone [Commissioner of Labor]*, 270 AD2d 562 [2000]), and also provides substantial evidence supporting the Board's finding that claimant's statement on his application that he had been discharged constituted a willful misrepresentation (*see* Labor Law § 594; *Matter of Zakrzewski [Commissioner of Labor]*, 305 AD2d 790, 790-791 [2003]). Claimant's contrary testimony that Shankowitz told him that he was no longer needed and directed him to bring his case files to him, prompting claimant to leave under the assumption that he had been discharged, presented a credibility issue that was properly resolved by the Board (*see Matter of Huntington [Commissioner of Labor], supra* at 737). Because we find that the

aforementioned constitutes substantial evidence supporting the Board's decision, we decline to disturb it.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.