■ In the Matter of the Claim of Asher J. Jacobs, Appellant. Commissioner of Labor, Respondent. [786 NYS2d 831]—

Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed September 26, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause, and (2) from a decision of said Board, filed March 1, 2004, which, inter alia, charged claimant with a recoverable overpayment of benefits.

When claimant, a kosher supervisor, arrived at work on December 22, 2002, his name was not on the schedule for the following week. When claimant asked whether he still had a job, his supervisor instructed him to report to work the following day. Claimant responded that he did not want to report to work if he had been terminated and requested that the supervisor call him. When the supervisor did not call, claimant assumed that he had been discharged. Claimant thereafter filed a claim for unemployment insurance benefits, which initially was granted. Upon the employer's objection and following a hearing, the Unemployment Insurance Appeal Board concluded that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause. The Board later found, among other things, that claimant was responsible for a recoverable overpayment of benefits in the amount of $5,346 because he made a willful misrepresentation. Claimant now appeals.

We affirm. It has been held, under circumstances similar to those presented here, that an employee who fails to take reasonable steps to protect his or her employment will be deemed to have voluntarily left such employment without good cause (*see Matter of Rowe [Commissioner of Labor]*, 4 AD3d 663, 664 [2004]). Here, the employer's general manager stated that claimant's name mistakenly was removed from the schedule and that claimant never called to inquire about the status of his job. Claimant admitted that he did not take any measures to confirm his termination when his supervisor neglected to call him. In view of this, substantial evidence supports the Board's decision that claimant voluntarily left his employment without good cause. Moreover, given that claimant incorrectly stated that he was fired when applying for benefits, substantial evidence also supports the Board's finding that he made a willful misrepresentation (*see Matter of Conners [Commissioner of Labor]*, 9 AD3d 703, 705 [2004], *lv denied* 3 NY3d 609 [2004]; *Matter of Perez [Commissioner of Labor]*, 7 AD3d 906, 908 [2004]). Claimant's due process claim has been considered and found to be without merit.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.