◼ In the Matter of the Claim of PAUL J. MATUSZEWSKI, Appellant. COMMISSIONER OF LABOR, Respondent. [806 NYS2d 315]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 14, 2004, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant voluntarily left his employment without good cause. Claimant was employed as a warehouse manager from March 17, 2004 until he resigned on March 23, 2004. The employer testified that claimant was aware of the job responsibilities at the time he was hired and, contrary to claimant's contentions, was not expected to make sales calls, engage in accounting or marketing duties or extensive travel. Despite the employer's efforts to dissuade claimant from quitting, claimant found the job to be "over his head" and "bigger than he thought" and, therefore, resigned. While claimant also contends that the alleged fraudulent mailing practices of the company led him to resign, the record establishes that the employer informed claimant that the matter would be investigated and appropriate action taken. Nevertheless, claimant quit before the employer had an opportunity to rectify the situation. Under these circumstances, the Board's decision that claimant's premature resignation was for personal and noncompelling reasons will not be disturbed (*see Matter of Conners [Commissioner of Labor]*, 9 AD3d 703, 705 [2004], *lv denied* 3 NY3d 609 [2004], *cert denied* 544 US — , 125 S Ct 2273 [2005]; *Matter of Greenspan [Commissioner of Labor]*, 284 AD2d 715, 715-716 [2001]; *Matter of Caldarone [Commissioner of Labor]*, 270 AD2d 562, 562 [2000]).

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.