■ In the Matter of the Claim of DOROTHY L. HOWE, Appellant. COMMISSIONER OF LABOR, Respondent. [817 NYS2d 714]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 2, 2004, which ruled, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked part time at a veterinary clinic and at the same time held a full-time job at a different employer. After she was informed by her full-time employer that her health insur-

ance premiums would be increasing and that she would be put on a seasonal layoff for approximately two months, claimant resigned from her position at the veterinary clinic. She applied for unemployment insurance benefits and collected $1,740. Thereafter, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause and charged her with a recoverable overpayment of $1,740, prompting this appeal.

It is undisputed that claimant left her job at the veterinary clinic as a result of financial circumstances, including concerns over childcare expenses, which made it unprofitable for her to continue working there. In view of this, substantial evidence supports the Board's decision that claimant left her job for personal and noncompelling reasons (see e.g. Matter of Oquendo [Commissioner of Labor], 20 AD3d 854 [2005]; Matter of Pullano [Commissioner of Labor], 294 AD2d 747, 748 [2002]). Furthermore, insofar as a Department of Labor representative testified that claimant did not report that she quit this job, we find no reason to disturb the Board's finding of a recoverable overpayment (see Labor Law § 597 [4]; Matter of Kanela [Commissioner of Labor], 21 AD3d 632, 633 [2005]).

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.