■ In the Matter of the Claim of JOANNE R. VIOHL, Appellant. COMMISSIONER OF LABOR, Respondent. [820 NYS2d 183]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 18, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Substantial evidence supports the Unemployment Insurance Appeal Board's decision that claimant voluntarily left her employment as an assistant vice-president for a bank, managing a customer service call center, in September 2004 without good cause. The record establishes that in October 2001, claimant, in addition to managing the customer service call center, was assigned the task of converting the information from newly acquired banks into the employer's system. Due to an increased number of calls at the call center in connection with the bank acquisitions as well as a shortage in staff in the call center due to extended leaves of absence, claimant's work load increased. When she complained to the employer, she was authorized to hire an additional employee. However, when claimant's additional requests for more help were not answered, she resigned. Inasmuch as dissatisfaction with one's employment generally does not constitute good cause for resigning (*see Matter of Maine [Commissioner of Labor]*, 282 AD2d 854 [2001]) and, here, claimant accepted the increased work load for nearly three years (*see Matter of Viruet [Commissioner of Labor]*, 288 AD2d 738 [2001]; *see generally Matter of Guarino [Commissioner of Labor]*, 307 AD2d 514 [2003]), we decline to disturb the Board's decision, even though there is evidence in the record to support a contrary conclusion. Furthermore, to the extent that claimant maintained that the job stress adversely effected her health, there was no evidence that she was medically advised to leave (*see Matter of Carlson [Commissioner of Labor]*, 307 AD2d 582, 583 [2003]).

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.