■ In the Matter of the Claim of MARY L. PREGON, Appellant. COMMISSIONER OF LABOR, Respondent. [820 NYS2d 178]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 3, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a clerk at a retail store. In July 2004, she traveled to Florida for a planned two-week trip during which she intended to take care of certain matters pertaining to her mother's estate. When she experienced problems with the estate, claimant called her employer and left a message advising that she would be unable to return to work on the date scheduled. In response, the employer left a message on claimant's cell phone stating that if she did not return to work at the scheduled time, she would be terminated. Claimant, in turn, left a second message stating that she was sorry that things did not work out. She was subsequently disqualified from receiving unemployment insurance benefits on the ground that she voluntarily left her employment without good cause. Claimant appeals.

We affirm. It is undisputed that, after receiving the message on her cell phone, claimant did not attempt to speak with her manager to explain her predicament or work out a solution that would allow her to keep her job. Rather, she assumed that her manager did not care about her personal problems and that she would be fired. Inasmuch as claimant failed to take reasonable steps to protect her job, substantial evidence supports the

Board's finding that she voluntarily left her employment without good cause (*see Matter of Jacobs [Commissioner of Labor]*, 13 AD3d 963, 964 [2004]; *Matter of Perez [Commissioner of Labor]*, 7 AD3d 906, 907-908 [2004]).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.