■ In the Matter of the Claim of JUSTIN E. PELC, Appellant. COMMISSIONER OF LABOR, Respondent. [821 NYS2d 296]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 17, 2005, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked for a heating and cooling company performing service, installation and sales. He was provided a company-owned truck and tools which he normally kept at his home. On May 12, 2005, after experiencing difficulties with his employer, claimant completed his shift, removed his personal belongings from the truck and returned it—containing the employer's tools, uniforms and keys—to the company lot. When claimant did not report to work or call in the following morning, the employer assumed that he had quit, and called him to express his dissatisfaction with the condition of the truck. Claimant did not thereafter return to work, but applied for and received unemployment insurance benefits. The Unemployment Insurance Appeal

Board subsequently ruled that he was disqualified from receiving benefits because he voluntarily left his employment without good cause. In addition, the Board charged him with a recoverable overpayment of benefits and reduced his right to receive future benefits by eight days. Claimant appeals.

We affirm. Neither general dissatisfaction with working conditions (*see Matter of Fierro [Commissioner of Labor]*, 306 AD2d 672, 673 [2003]) nor the inability to get along with a supervisor (*see Matter of Micara [Commissioner of Labor]*, 307 AD2d 568, 569 [2003]) constitutes good cause for leaving employment. Claimant testified that, prior to the incident in question, he had unpleasant discussions with the employer concerning his on call assignments and use of the truck, and was unhappy with his work situation. In view of this, as well as the employer's testimony that claimant did not express any intention of reporting to work when called and that he never told claimant that he was discharged, substantial evidence supports the Board's finding that claimant left his job for personal and noncompelling reasons. In addition, inasmuch as claimant falsely stated on his unemployment insurance application that he was discharged from his position due to lack of work, substantial evidence also supports the Board's finding that he made a willful misrepresentation to obtain benefits (*see Matter of Adorisio [Commissioner of Labor]*, 18 AD3d 942, 943 [2005]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.