In the Matter of the Claim of DENNIS J. WOOD, Appellant. COMMISSIONER OF LABOR, Respondent. [826 NYS2d 514]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 2, 2006, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked as a cleaner for the employer, which contracted with property owners to clean the interiors of their buildings. After complaining about the conduct of a coworker assigned to clean the same property to which he was assigned, claimant was advised of the potential of transferring to a different building location. Subsequently, claimant stopped reporting to work. Claimant did not contact the employer, and the employer did not contact claimant. Claimant thereafter filed for unemployment insurance benefits, indicating that he had been laid off due to a lack of work. Ultimately, the Unemployment Insurance Appeal Board determined that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause. The Board also determined that he should have future benefits reduced by four effective days for willfully misrepresenting on his application that he had been laid off due to a lack of work. Claimant appeals.

We affirm. Even crediting claimant's testimony that the employer stated that he would contact claimant regarding a job at another location but then failed to do so, substantial evidence supports the Board's determination that claimant voluntarily left his employment without good cause because he clearly failed to take reasonable steps to protect his job (see Matter of Pregon [Commissioner of Labor], 32 AD3d 650, 650-651 [2006]; Matter of Jacobs [Commissioner of Labor], 13 AD3d 963, 964 [2004]). Likewise, substantial evidence supports the Board's determination that, by indicating that he had been laid off due to a lack of work, claimant made a willful misrepresentation when applying for benefits (see Matter of Pelc [Commissioner of Labor], 32 AD3d 1084 [2006]).

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.