■ In the Matter of the Claim of SHAWN A. GAINES, Appellant. NEW YORK CITY TRANSIT AUTHORITY, Respondent; COMMISSIONER OF LABOR, Respondent. [829 NYS2d 747]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 12, 2005, which ruled, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant, who suffers from a hearing impairment, worked for the employer as a train operator for 21 years. In July 2004, he was temporarily suspended from his job, but was scheduled to return to work in October 2004. Prior to his scheduled return, the employer implemented a policy prohibiting employees from working as train operators when, like claimant, they have medi-

cal restrictions that prevent them from operating trains in passenger service. As a result, the employer intended to reclassify claimant to a different position and directed him to appear at certain medical examinations for this purpose. Claimant did not appear for these examinations or provide requested documentation, and he subsequently filed a claim for unemployment insurance benefits representing that he was terminated for lack of work. Although he initially received benefits totaling $1,620, the Unemployment Insurance Appeal Board subsequently disqualified him from receiving benefits on the ground that he voluntarily left his employment without good cause. The Board also charged him with a recoverable overpayment and reduced his right to receive future benefits by eight effective days, prompting this appeal.

Dissatisfaction with a new job assignment, the terms and conditions of which are comparable to a former job, has been held not to constitute good cause for leaving one's employment (*see Matter of Bingel [Commissioner of Labor]*, 306 AD2d 780, 781 [2003]; *Matter of Suggs [Sweeney]*, 234 AD2d 849 [1996]). Here, claimant stated that he did not want to be placed in a reclassified position even though the employer's representative testified that claimant would receive the same salary and vacation time. Moreover, by failing to appear for the employer's medical examinations before knowing the nature of the position to which he was to be reassigned, claimant failed to take reasonable steps to protect his employment (*see Matter of Culp [Commissioner of Labor]*, 2 AD3d 949, 950 [2003]). Consequently, substantial evidence supports the Board's finding that he voluntarily left his employment without good cause. Finally, given that claimant inaccurately represented that he was laid off when continuing work was, in fact, available, substantial evidence also supports the Board's finding that he made a willful misrepresentation to obtain benefits (*see Matter of Enneddam [Commissioner of Labor]*, 20 AD3d 800, 801 [2005]).

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.