■ In the Matter of the Claim of ALISANDRA ARIAS, Appellant. COMMISSIONER OF LABOR, Respondent. [833 NYS2d 276]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 24, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as resident supervisor at a halfway house for approximately 16 months. As part of her regular work schedule, she was required to work on Sundays from 8:00 A.M. to 4:00 P.M. She thereafter became an active member in her church and, as a result, asked her employer for a schedule change that would eliminate her having to work on Sundays. When the employer failed to accommodate her request, claimant stopped working. The Unemployment Insurance Appeal Board ruled that she was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. Claimant now appeals.

We affirm. "It is well settled that dissatisfaction with one's work schedule does not constitute good cause for leaving one's employment" (Matter of Kattaya [Commissioner of Labor], 32

AD3d 1124, 1125 [2006] [citations omitted]; *see Matter of Adorisio [Commissioner of Labor]*, 18 AD3d 942, 942 [2005]). Here, claimant admitted that when she took the job, she agreed to work on Sundays. She stated, however, that after she became an active member in her church, she expected the employer to accommodate her request for Sundays off. She further indicated that she had no intention of continuing to work for the employer if she had to work on Sundays. In view of the foregoing, substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.