■ In the Matter of the Claim of CAROLYN D. SMALLS, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 818]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 7, 2005, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

In addition to her full-time job as a hospice nurse, claimant worked part time for a health care agency. After claimant was terminated from her full-time job, she ceased her part-time employment and subsequently applied for and received unemployment insurance benefits. With regard to her part-time employment, however, the Unemployment Insurance Appeal Board disqualified claimant from receiving benefits on the ground that she voluntarily left employment without good cause. It also charged her with a recoverable overpayment and reduced her right to receive future benefits upon the basis that she made a willful misrepresentation to obtain benefits. Claimant now appeals.

We affirm. The part-time employer's representative testified that although continuing work was available, claimant stopped working for the health care agency because it would interfere with her receipt of unemployment insurance benefits. Given the financial motivation for claimant's decision, substantial evidence supports the Board's finding that she left her part-time job for personal and noncompelling reasons (*see e.g. Matter of Howe [Commissioner of Labor]*, 30 AD3d 867, 868 [2006]; *Matter of Polito [Commissioner of Labor]*, 304 AD2d 967 [2003]). Furthermore, inasmuch as claimant inaccurately represented when applying for benefits that she no longer worked for the agency due to a lack of work, the Board properly found that she made a willful misrepresentation (*see Matter of Sangiorgio [Commissioner of Labor]*, 13 AD3d 793, 794 [2004]; *Matter of Forman [Commissioner of Labor]*, 3 AD3d 642, 643 [2004]).

Cardona, P.J., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.