In the Matter of the Claim of JOHN A. PETERS, Appellant. COMMISSIONER OF LABOR, Respondent. [839 NYS2d 307]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 12, 2006, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant worked for an employment placement agency which assigned him to work as a painter for one of its clients. After

working a 60-hour-per-week schedule for a short period of time, claimant requested to work a shift with fewer hours each week, in part because he was unhappy with the working conditions at his assigned location. Despite the fact that he was not given a definitive date on which he would begin a new, shorter work shift, he stopped reporting to the longer shift. Based upon the employer's assumption that claimant had voluntarily left his employment by virtue of his failing to appear for his assigned shift, no further assignments were given to him. Thereafter, claimant renewed an earlier claim for and received unemployment insurance benefits. In making the claim, he asserted that he was separated from his employment due to lack of work. An initial determination was made that claimant was disqualified from receiving benefits because he had voluntarily left his employment without good cause. He was also found liable for a recoverable overpayment of benefits (*see* Labor Law § 597 [4]), and his right to receive future benefits was reduced by eight effective days. The initial determination was sustained by an Administrative Law Judge and affirmed by the Unemployment Insurance Appeal Board. Claimant appeals.

We affirm. Neither dissatisfaction with a work schedule nor general dissatisfaction with working conditions constitutes good cause for leaving employment (*see Matter of Logghe [BWIA W. Indies Airways Ltd.—Commissioner of Labor]*, 39 AD3d 1003, 1004 [2007]; *Matter of Arias [Commissioner of Labor]*, 38 AD3d 1116, 1116-1117 [2007]). Claimant's own testimony established that these factors caused him to separate from employment. Accordingly, substantial evidence supports the Board's determination that claimant voluntarily left his job without good cause, particularly since he failed to take reasonable steps to protect his employment when he failed to report for his assigned shift before being officially notified of a new shift (*see Matter of Wood [Commissioner of Labor]*, 36 AD3d 989, 989 [2007]; *Matter of Pregon [Commissioner of Labor]*, 32 AD3d 650, 650-651 [2006]). Similarly, substantial evidence supports the determination that, by stating that he had separated from employment due to lack of work, claimant made a willful misrepresentation when applying for benefits (*see Matter of Wood [Commissioner of Labor]*, *supra*).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.