■ In the Matter of the Claim of JAMES L. ANTHONY, Respondent. COMMISSIONER OF LABOR, Respondent. [853 NYS2d 712]—

Claimant worked for approximately one year as a delivery person for the employer, until January 2005, when an illness and transportation problems caused him to be absent for an extended period of time. While claimant was absent, the employer hired an additional delivery person to cover for claimant. Although claimant initially kept the employer informed regarding his health and availability to work, claimant did not contact the employer after January 17, 2005. In the first week of February 2005, claimant appeared unannounced at the employer's site, but was not immediately offered an assignment.

Without requesting an assignment or otherwise inquiring into whether work was available, claimant assumed there was no work for him and left.

Indicating that he had been fired, claimant applied for and received unemployment insurance benefits. The Unemployment Insurance Appeal Board ultimately ruled that claimant had voluntarily left his employment without good cause, charged him with a recoverable overpayment, and reduced his right to future benefits upon a finding that he made willful false statements to obtain benefits. Claimant appeals.

Inasmuch as substantial evidence supports the Board's decision, we affirm. The employer testified that continuing work was available for claimant upon his return, despite his failure to maintain regular contact throughout his absence. Although claimant testified that he believed that there was no work available for him due to the fact that the employer had hired another delivery person in his absence, claimant did not take reasonable steps to protect his employment by speaking to a supervisor about the availability of assignments or complaining about the potential reduction of his hours (*see Matter of Pregon [Commissioner of Labor]*, 32 AD3d 650, 650-651 [2006]; *Matter of Perez [Commissioner of Labor]*, 7 AD3d 906, 907-908 [2004]). Finally, inasmuch as claimant inaccurately indicated that he had been fired when, in reality, he effectively abandoned his job, we find no reason to disturb the Board's decision to charge him with a recoverable overpayment and reduce his right to future benefits (*see Matter of Perez [Commissioner of Labor]*, 7 AD3d at 908).

Carpinello, J.P., Lahtinen, Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.