■ In the Matter of the Claim of LINDA KLARFELD, Appellant. COMMISSIONER OF LABOR, Respondent. [868 NYS2d 401]—

Claimant worked as a sales representative for a wholesale textile company for approximately 10 years. When she advised

her employer that she was leaving her job, she was asked to stay for an additional two weeks so that the employer could find a replacement. Although claimant initially agreed to do so, she changed her mind and left her job shortly thereafter. She applied for and received $1,350 in unemployment insurance benefits. However, the Unemployment Insurance Appeal Board subsequently ruled that she was disqualified from receiving benefits because she voluntarily left her employment without good cause. Upon finding that claimant made a willful misrepresentation to obtain benefits, the Board also charged her with a recoverable overpayment and imposed a forfeiture penalty. Claimant now appeals.

Initially, we note that general dissatisfaction with working conditions does not constitute good cause for leaving one's employment (*see Matter of Scirri [Commissioner of Labor]*, 42 AD3d 806 [2007]; *Matter of Viohl [Commissioner of Labor]*, 32 AD3d 647, 648 [2006]). Here, the employer's representative testified that claimant told him she was leaving because she was not happy. He further stated that she failed to provide an explanation for her abrupt departure prior to the expiration of the two-week period in which she agreed to work. Claimant, on the other hand, stated that she left her job because unauthorized deductions were made from her paycheck; however, the employer's representative testified that such deductions were made with claimant's permission. She further stated that the employer refused to allow her on the premises after she had agreed to work the additional two weeks. Given that the foregoing testimony presented issues of credibility for the Board to resolve (*see Matter of Crandall-Mars [Commissioner of Labor]*, 47 AD3d 1179, 1180 [2008]), substantial evidence supports the Board's finding that claimant left her job for personal and noncompelling reasons. In addition, inasmuch as claimant inaccurately stated when applying for benefits that she was fired from her position, the Board's finding that she made a willful misrepresentation to obtain benefits will not be disturbed (*see Matter of Pelc [Commissioner of Labor]*, 32 AD3d 1084, 1085 [2006]).

Cardona, P.J., Peters, Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.