In the Matter of PETER M. DEGENNARO, Appellant. COMMISSIONER OF LABOR, Respondent. [890 NYS2d 174]—

Claimant was employed as a caretaker for an estate beginning in August 2006. He left his employment in May 2007 and applied for unemployment insurance benefits, citing a lack of work as the reason for his unemployment, and began receiving payments. The Unemployment Insurance Appeal Board ultimately disqualified claimant from receiving further benefits on the ground that he voluntarily left his employment without good cause. Claimant was also charged with a recoverable overpayment and a forfeiture penalty was imposed based upon a finding that he had made a willful misrepresentation to receive benefits. Claimant now appeals.

We affirm. "Dissatisfaction with one's work schedule or a reduction in work hours does not constitute good cause for leaving one's employment" (*Matter of Ubl [Commissioner of Labor]*, 45 AD3d 1021, 1022 [2007] [citations omitted]; *see Matter of Rahn [Commissioner of Labor]*, 308 AD2d 629, 629 [2003]). Here, evidence was adduced at the hearing that claimant resigned from his position after learning that his work hours

were being reduced from the amount he had worked the previous year. While claimant testified that the employer terminated him due to the reduction in the available work hours, this presented a credibility issue for the Board to resolve (*see Matter of Goldberg [Commissioner of Labor]*, 55 AD3d 1120, 1121 [2008]). Moreover, substantial evidence supports the Board's determination that, by stating that he was discharged from employment due to a lack of work on his benefits application, claimant made a willful misrepresentation to obtain benefits (*see Matter of Wood [Commissioner of Labor]*, 36 AD3d 989 [2007]). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Peters, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.