■ In the Matter of SHAHID TANVIR, Appellant. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent; COMMISSIONER OF LABOR, Respondent. [930 NYS2d 83]—

Claimant, who was licensed as a clinical laboratory technologist, worked for a public health corporation in the title Laboratory Associate Level B. After returning from a leave of absence, claimant was instructed to report to the chemistry laboratory where he would undertake new duties. Claimant refused the new assignment as well as the training that was offered and filed an out of title work grievance that was ultimately denied. He did not return to work after refusing the assignment and received unemployment insurance benefits in the amount of $4,050, as well as federal additional compensation benefits in the amount of $250. The Unemployment Insurance Appeal Board, however, subsequently ruled that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause. In addition, it charged him with a recoverable overpayment of benefits and imposed a forfeiture penalty upon finding that he made a willful misrepresentation to obtain benefits. Claimant appeals.

We affirm. The failure to accept a new work assignment that does not result in a reduction in pay and entails similar duties has been found not to constitute good cause for leaving one's employment (see Matter of Gines [Commissioner of Labor], 294 AD2d 748, 748-749 [2002]; Matter of Clement [Commissioner of Labor], 254 AD2d 652 [1998], lv dismissed 93 NY2d 1041 [1999]). Here, claimant was to receive the same salary in the new assignment that he previously received. In addition, while he was to work in a different laboratory performing functions that he had not previously done, the nature of those functions was within claimant's job title and he was offered training to learn them. Contrary to claimant's assertion, no evidence was presented that the new assignment violated his license. Rather, it appears that claimant did not want to take the new assignment because the duties were below his skill level. Thus, substantial evidence supports the Board's decision that claimant voluntarily left his employment without good cause. Furthermore, inasmuch as claimant falsely represented when applying for benefits that he was laid off, substantial evidence also supports the Board's finding that he made a willful misrepresentation to obtain benefits (see Matter of Gaines [New York City Tr. Auth.—Commissioner of Labor], 37 AD3d 962, 963 [2007]; Matter of Hill [Commissioner of Labor], 37 AD3d 931, 932 [2007], lv denied 9 NY3d 807 [2007]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.