■ In the Matter of the Claim of Metaxas M. Georgatos, Appellant. Commissioner of Labor, Respondent. [952 NYS2d 921]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 2011, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a sales assistant to a stock broker at a brokerage office in New York from February 2008 to May 2009. The employer testified that claimant received his last pay check on May 7, 2009, after which he stopped reporting to work and allegedly began working for a broker who had previously stopped working for the employer in order to start his own business. As a result, the employer deemed claimant to have abandoned his job and terminated his employment by notice dated May 20, 2009. Claimant thereafter attempted to contact one of the employer's representatives in Florida in an unsuccessful attempt to obtain a position in that office. Claimant applied for unemployment insurance benefits, but the Unemployment Insurance Appeal Board ultimately denied the application on the basis that claimant voluntarily left his job without good cause. The Board further charged him with a recoverable overpayment of benefits and imposed a forfeiture penalty upon finding that he made a willful misrepresentation to obtain benefits. This appeal ensued.

We affirm. "Whether a claimant has voluntarily left employment is a factual issue to be resolved by the Board, and its determination will not be disturbed so long as it is supported by substantial evidence, despite the existence of evidence which would have supported a contrary result" (*Matter of Petrov [Bragard Inc.—Commissioner of Labor]*, 96 AD3d 1339, 1339 [2012] [internal quotation marks and citations omitted]; *see Matter of Ferreira [Commissioner of Labor]*, 84 AD3d 1609, 1610 [2011]). Here, the Board accepted the employer's testimony that

claimant did not report after May 7, 2009, even though there was continuing work available. While claimant testified that he did not abandon his job, "[c]redibility issues arising from conflicting witness testimony are for the Board to resolve" (*Matter of Petrov [Bragard Inc.—Commissioner of Labor]*, 96 AD3d at 1339).

Finally, inasmuch as there is substantial evidence supporting the Board's finding that claimant falsely represented that he was separated from his employment because of a lack of work, we find no basis to reverse the finding that he made a willful misrepresentation to obtain benefits (*see Matter of Tanvir [New York City Health & Hosps. Corp.—Commissioner of Labor]*, 87 AD3d 773, 774 [2011]).

Peters, P.J., Rose, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.