In the Matter of the Claim of THEODORE G. PRINCE, Appellant, v COMMISSIONER OF LABOR, Respondent. [956 NYS2d 203]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 13, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed as a "floater" pharmacist until he left his employment on April 7, 2010. As a floater, claimant worked part time, filling in for other pharmacists in the employer's several stores. During the two months preceding claimant's departure from employment, the employer installed a new software system. The pharmacists were provided with on-the-job training by a technician from the software company. In response to claimant's concerns about the adequacy of his training, the employer offered him additional training with an experienced pharmacist in a high-volume store. Claimant rejected the employer's offer and left his employment. Following a hearing, claimant's application for unemployment insurance benefits was denied on the ground that he voluntarily left his employment without good cause. This determination was affirmed by the Unemployment Insurance Appeal Board. Claimant now appeals.

"[G]eneral dissatisfaction with working conditions, including the employer's training procedures, does not constitute good cause for leaving employment" (*Matter of Forman [Commissioner of Labor]*, 3 AD3d 642, 643 [2004] [internal quotation marks and citation omitted]). Although claimant did not believe that the employer's training procedure was adequate, he failed to participate in all of the training offered. Claimant left his employment without taking reasonable steps to protect his job and provide the employer an opportunity to remedy the situation. Accordingly, we find that substantial evidence supports the Board's determination that claimant left his employment without good cause (*see Matter of Matuszewski [Commissioner of Labor]*, 24 AD3d 1153, 1154 [2005]; *Matter of Forman [Commissioner of Labor]*, 3 AD3d at 643; *Matter of Greenspan [Commissioner of Labor]*, 284 AD2d 715, 715-716 [2001]). We have

considered claimant's contention that he was denied the opportunity to present documentary evidence and find it to be unpersuasive.

Mercure, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.