*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 2, 2014                 517925
_____

In the Matter of the Claim of
   MICHELLE WEEDEN,
                 Appellant.

SC CHOICE MANAGEMENT CORP./SC
   OF UPSTATE NY, Doing                 MEMORANDUM AND ORDER
   Business as SMOKER'S CHOICE,
                 Respondent.

COMMISSIONER OF LABOR,
                 Respondent.
_____

Calendar Date:  August 4, 2014

Before:  Lahtinen, J.P., Stein, Egan Jr., Lynch and Clark, JJ.

_____

     Michelle Weeden, Sidney Circle, appellant pro se.

     Kalter, Kaplan, Zeiger & Forman, Woodbourne (Ivan Kalter of counsel), for SC Choice Managment Corp./SC of Upstate NY, respondent.

     Eric T. Schneiderman, Attorney General, New York City (Linda D. Joseph of counsel), for Commissioner of Labor, respondent.

_____

     Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 20, 2012, which, among other things, ruled that claimant was disqualified from receiving emergency unemployment compensation benefits because she voluntarily left her employment without good cause.

Claimant had previously worked for the employer, and returned to its employ in January 2011 as a district manager. Claimant resigned from that position in May 2011, and thereafter received federally-funded emergency unemployment compensation (hereinafter EUC) benefits (see Pub L 110-252, tit IV, § 4001 et seq., 122 US Stat 2323; Matter of Strujan [Commissioner of Labor], 111 AD3d 1239, 1239 [2013]). The Unemployment Insurance Appeal Board ultimately disqualified claimant from receiving benefits on the ground that she voluntarily left her employment without good cause and charged her with a recoverable overpayment of EUC benefits. Claimant now appeals.

We affirm. Substantial evidence supports the Board's decision that claimant lacked good cause to leave her employment (see Matter of Malone [Commissioner of Labor], 117 AD3d 1306, 1306 [2014]; Matter of Morales [Argosy Intl., Inc.—Commissioner of Labor], 117 AD3d 1277, 1277 [2014]). The Board was free to, and did, reject claimant's disputed testimony that she resigned as a result of unaddressed harassment by her supervisor (see Matter of Morales [Argosy Intl.,Inc.—Commissioner of Labor], 117 AD3d at 1277-1278). Claimant's other complaints amounted to dissatisfaction with her pay and general working conditions, which did not constitute good cause for her resignation (see Matter of Tineo [Commissioner of Labor], 117 AD3d 1307, 1308 [2014]; Matter of Tanvir [New York City Health & Hosps. Corp.—Commissioner of Labor], 87 AD3d 773, 774 [2011]).

Further, "claimant was afforded a sufficient opportunity to present proof in support of her claim" despite the refusal of the Administrative Law Judge to consider testimony of dubious relevance regarding her prior work with the employer (Matter of Lieber [Ross], 46 NY2d 867, 868 [1979]; see Labor Law § 622 [2]; Matter of Valentin [American Museum of Natural History—Roberts], 103 AD2d 919, 919 [1984]).

Lahtinen, J.P., Stein, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court