Matter of Sanchez (Commissioner of Labor)
2026 NY Slip Op 03862
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Antonio Sanchez, Appellant. Commissioner of Labor, Respondent.

Decided and Entered:June 18, 2026
CV-25-1389
Calendar Date: May 22, 2026
Before: Clark, J.P., Ceresia, Mcshan, Mackey And Ryba, JJ.

Antonio Sanchez, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Dawa Jung-Acosta of counsel), for respondent.

[*1]
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 21, 2025, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
Claimant taught online courses for the employer, a driving school. After a seasonal slowdown in enrollment reduced his work schedule, he filed an initial claim for unemployment insurance benefits in December 2023 and reported that he had separated from his employment due to lack of work. Although he continued to teach into 2024, albeit on a reduced schedule, he consistently stated in his weekly certifications for benefits that he was neither working any days nor earning above the maximum weekly benefit rate. He stopped working altogether following a February 3, 2024 class.
The Department of Labor issued a series of initial determinations holding, in relevant part, that claimant was ineligible to receive unemployment insurance benefits between December 10, 2023 and February 4, 2024 because he had earned more than the maximum weekly benefit rate, that he had made willful misrepresentations regarding his earnings during that period that warranted a reduction in his right to receive future benefits, and that he was ineligible to receive benefits from February 4, 2024 onward because he had voluntarily separated from employment without good cause. Claimant requested a hearing upon the determinations, which was conducted. An Administrative Law Judge thereafter determined, among other things, that a reduced penalty for the misrepresentations regarding claimant's earnings was appropriate because the proof only showed that his earnings exceeded the maximum weekly benefit rate for four weeks between December 2023 and February 2024, as well as that he was properly disqualified from benefits effective February 4, 2024 because he voluntarily left his employment without good cause. The Unemployment Insurance Appeal Board affirmed those holdings. Claimant appeals, focusing upon the reasons for his leaving employment in February 2024.
We affirm. A witness for the employer testified that, although claimant knew that continuing work was available and was urged not to "leave [the employer] hanging with all these months of [scheduled] classes," he made it clear that "he was not working any more" and quit after teaching a class on February 3, 2024. Claimant acknowledged in his hearing testimony that he was angry about what the employer described as a temporary reduction in his work, that such prompted his initial application for benefits, and that he ultimately decided to stop teaching because he was "not working enough." Claimant's assertion that he was terminated due to a lack of available work presented a credibility issue for the Board to resolve (see Matter of DeGennaro [Commissioner of Labor], 68 AD3d 1274, 1274 [3d Dept 2009]). "As dissatisfaction with one's hours does not generally constitute good cause [*2]for leaving one's employment, substantial evidence supports the Board's decision that, under these circumstances, claimant voluntarily left his employment without good cause and was therefore disqualified from receiving unemployment insurance benefits" (Matter of Rial [Commissioner of Labor], 217 AD3d 1305, 1305 [3d Dept 2023] [citations omitted]; see Matter of Schwartz [Commissioner of Labor], 164 AD3d 1582, 1583 [3d Dept 2018]). To the extent that they have not been addressed by the foregoing and are properly before us, claimant's remaining contentions have been examined and are lacking in merit.
Clark, J.P., Ceresia, McShan, Mackey and Ryba, JJ., concur.
ORDERED that the decision is affirmed, without costs.